PER CURIAM.
In an effort to relieve the document storage burden now experienced by all segments of Florida’s court system while maintaining the integrity of court records, this Court, by administrative order filed October 6, 1980, established a committee for the study of court document disposal.
The committee submitted its report on January 30, 1981, recommending a disposal procedure for court files and records which would be implemented through amendment to the Rules of Civil Procedure and an additional Rule of Judicial Administration. We invited all interested parties to submit their objections after publication of the report. The committee has now considered the objections and comments received in light of its initial report and has made certain modifications to its proposals.
We have considered all comments and the committee’s final report. We approve the report and adopt the committee’s new Rule of Judicial Administration 2.075 and proposed amendments to the Rules of Civil Procedure 1.310, 1.320, 1.330, 1.340, 1.350, and 1.450.
Absent modification before January 1, 1982, the amendments to the Rules of Civil Procedure, as attached to this opinion, shall become effective at 12:01 a. m., January 1, 1982. Rule 2.075 of the Rules of Judicial Administration, also attached, shall become effective at 12:01 a. m., January 1, 1982.
*927 In order to provide notice to the public that the clerk will no longer retain court files in perpetuity, the clerk shall give notice to the public at least six months before the first destruction of records under the provision of Rule 2.075 of the Rules of Judicial Administration of the clerk’s intent to destroy or dispose of records pursuant to the rule. Such notice may be given in any manner that the chief judge of the circuit prescribes and shall be given by publication at least three times in a newspaper published in the county and in a newspaper published in each major city of the county, or, if no newspaper is published in the county, such notice shall be given by publication in a newspaper determined by the chief judge to have wide circulation among the inhabitants of the county. The notice shall include at least the following information:
NOTICE CONCERNING DESTRUCTION OF COURT RECORDS
In accordance with rules adopted by the Supreme Court of Florida, the clerk of the court is no longer required to retain court records indefinitely. Certain court records presently in the custody of the Clerk of the Court of _ County may be destroyed in accordance with the provision of the Supreme Court rule after _No active court records will be destroyed. From time to time, after the above date, additional court records may be destroyed under the provisions of the Supreme Court rule. Interested persons may obtain a copy of the Supreme Court rule establishing a court records retention schedule and providing procedures governing the destruction of court records by contacting the clerk of the court.
We conclude with sincere thanks and special commendation to Chairman Bill Wagner, Esq., and the members of his committee* who contributed valuable time and knowledge to solve the document disposal problem.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ALDERMAN and MCDONALD, JJ., concur.
APPENDIX
Rule of Judicial Administration 2.075 is adopted as follows:
RULE 2.075 RETENTION OF COURT RECORDS
(a) Definitions. The following definitions apply to this rule:
(1) “Court records” mean the contents of the court file, depositions filed with the clerk, transcripts, exhibits in the custody of the clerk, and electronic, video tape and stenographic tapes of depositions or other proceedings.
(2) “After a judgment has become final” means:
(A) when a final order, final judgment, final docket entry, final dismissal or nolle prosequi has been entered as to all parties, no appeal has been taken and the time for appeal has expired; or
(B) when a final order, final judgment or final docket entry has been entered, and appeal has been taken, the appeal has been disposed of and the time for any further appellate proceedings has expired.
(b) Required Consent. Disposal of court records under this rule is subject to obtaining any consent required by law from the Division of Archives, History and Records Management.
(c) Microfilmed Records. Court records, except exhibits, that have been microfilmed in accordance with standards adopted by the Division of Archives, History and Records Management may be destroyed or otherwise disposed of by the clerk at any time after a judgment has become final.
(d) Records Not Microfilmed. No court records under this subdivision shall be de *928 stroyed or disposed of until the final order, final docket entry or final judgment is microfilmed for, or recorded, in the public records. The time periods shall not apply to any action in which the court orders the court records to be kept until the court orders otherwise. When an order is entered to that effect, the progress docket and the court file shall be marked by the clerk with a legend showing that the court records are not to be destroyed or disposed of without a further order of court. Any person may apply for an order suspending or prohibiting destruction or disposition of court records in any proceeding. Court records, except exhibits, that are not microfilmed may be destroyed or disposed of by the clerk at the times prescribed below after a judgment has become final:
(1) Sixty days — Parking tickets and non criminal traffic infractions after required audits have been completed.
(2) Two years — Proceedings under the Rules of Summary Procedure, Medical Mediation Proceedings.
(3) Five years — Misdemeanor actions, criminal traffic violations, ordinance violations, civil litigation proceedings in county court other than those under the Rules of Summary Procedure and civil proceedings in circuit court except marriage dissolutions and adoptions.
(4) Ten years — Probate, guardianship and mental health proceedings.
(5) Ten years — Felony cases in which no information or indictment was filed or in which all charges were dismissed, or in which the state announced a nolle prosequi, or in which the defendant was adjudicated not guilty.
(6) Seventy-five years — Juvenile proceedings containing an order permanently depriving a parent of custody of a child, and adoptions, and all felony cases not previously destroyed.
(7) Kept permanently — Progress dockets and their indices.
(8) Juvenile proceedings not otherwise provided for in this subdivision shall be kept for five years after the last entry or until the child reaches the age of majority, whichever is later.
(9)Marriage dissolutions — Ten years from the last record activity. The court may authorize destruction of those court records not involving alimony, support or custody of children five years from the last record activity.
(e) Court Reporters’ Notes. Court reporters or persons acting as court reporters for judicial or discovery proceedings shall retain the original notes or electronic records or the proceedings or depositions until the times specified below:
(1) Two years from the date of preparing the transcript — Judicial proceedings, arbitration hearings and discovery proceedings when an original transcript has been prepared.
(2) Ten years — Judicial proceedings in felony cases when a transcript has not been prepared.
(3) Five years — All other judicial proceedings, arbitration hearings and discovery proceedings when a transcript has not been prepared.
When an agreement has been made between the reporter and any other person and the person has paid the reasonable charges for storage and retention of the notes, the notes or records shall be kept for any longer time agreed on. All reporters’ notes shall be retained in a secure place in Florida.
(f) Exhibits.
(1) Exhibits in Criminal Proceedings. Exhibits in criminal proceedings shall be disposed of as provided by law.
(2) All other exhibits shall be retained by the clerk until ninety days after a judgment has become final. If an exhibit is not withdrawn pursuant to subdivision (h) within ninety days, the clerk may destroy or dispose of the exhibits after giving the parties or their attorneys of record thirty days notice of the clerk’s intention to do so. *929 Exhibits shall be delivered to any party or attorney of record calling for them during the thirty-day time period.
(g) Disposition Other Than Destruction —Before destruction or disposition of court records under this rule, any person may apply to the court for an order requiring the clerk to deliver the court records that are to be destroyed or disposed of to the applicant. All parties and the Division of Archives, History and Records Management shall be given notice of the application by the applicant. The court shall dispose of that court record as appropriate.
(h) Release of Court Records. This rule does not limit the power of the court to release exhibits or other parts of court records that are the property of the person or party placing the items in the court records initially. The court may require copies to be substituted as a condition to releasing the court records under this subdivision.
(i) Right to Expunge Records. Nothing in this rule shall affect the power of the court to order records expunged.
(j) Sealed Records. No record which has been sealed from public examination by order of court shall be destroyed without hearing after such notice as the court shall require.
Rules of Civil Procedure 1.310, .320, .330, .340, .350, and .450 are amended as follows:
RULE 1.310 DEPOSITIONS UPON ORAL EXAMINATION
(e) Submission to Witness; Changes; Signing■- Review. When If the testimony is fully transcribed, the deposition shall be submitted to the witness for examination and shall be read to or by him5 unless the examination and reading are waived by the witness and by the parties. Any changes in form or substance that the witness desires wants to make shall be entered upon a separate correction page by the officer with a statement of the reasons given by the witness for making them the changes. The corrections shall be attached to the deposition. and ilt shall then be signed by the witness unless the parties by stipulation waived the signing or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness within a reasonable time after its submission to him, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign with the reason, if any, given therefor* and The deposition may then be used as fully as though signed unless on a motion to suppress under Rule 1.330(d)(4) the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part.
(f) Certification and Filing by Officer; Ex-hibí is; — Copies; Notice of Filing.
(1) If transcribed, the officer shall certify on each copy of the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness. Ho shall then securely seal the deposition in an — envelope endorsed with the title of the -action and marked “Deposition of (here insert name of witness)” and shall-promptly file it with the court in which the-action is pending or send it-by-registered or certified mail-fco the clerk for filing. Documents and things produced for inspection during the examination of the witness shall be marked for identification and annexed to and returned with the deposition upon the request of a party, and may be inspected and copied by any party, except that the person producing the materials may substitute copies to be marked for identification if he affords to all parties fair opportunity to verify the copies by comparison with the originals* and ilf the person producing the materials requests their return, the officer shall mark them, give each party an opportunity to inspect and copy them, and return them to the person producing them and the materials may then be used in the same manner as if annexed to and returned with the deposition.
(2) Upon payment of reasonable charges therefor the officer shall furnish a copy of the deposition to any party or to the deponent.
*930 (3) T-he party taking the deposition shall give-prompt notice of its filing to all other parties unless it is waived; A copy of a deposition may be filed only:
CAI Bv a party or the witness when the contents of the deposition must be considered bv the court on any matter pending-before the court. Prompt notice of the filing of the deposition shall be given to all parties, unless notice is waived. A party filing the deposition shall not be required to furnish a copy of the deposition to other parties but shall furnish a copy of the deposition to any party or witness requesting it after payment of the reasonable cost of reproducing the copy bv the requesting party or witness.
(B) If the court determines that a deposition previously transcribed is necessary for the determination of a matter pending before the court, the court may order that a copy be filed bv any party.
RULE 1.320 DEPOSITIONS UPON WRITTEN QUESTIONS
(b) Officer to Take Responses and Prepare Record. A copy of the notice and copies of all questions served shall be delivered by the party taking the depositions to the officer designated in the notice who shall proceed promptly to take the testimony of the witness in the manner provided by Rule 1.310(c), (e) and (f) in response to the questions and to prepare, certify, and file or mail the deposition, attaching the copy of the notice and the questions received by him. The questions shall not be filed separately from the deposition unless a party seeks to have the court consider the questions before the questions before the questions are submitted to the witness.
(c) Notice of Filing. — When the-deposition was (sic) filed, the party taking-it shall promptly give notice of the -filing unless it is waived.
RULE 1.330 USE OF DEPOSITIONS IN COURT PROCEEDINGS
(d) Effect of Errors and Irregularities is Depositions.
(4) As to Completion and Return of Depositions. Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, — sealed;—endorsed;—transmitted; filed or otherwise dealt with by the officer under Rules 1.310 and 1.320 are waived unless a motion to suppress the deposition or some part of it is made with reasonable promptness after the defect is, or with due diligence might have been, ascertained discovered.
RULE 1.340 INTERROGATORIES TO PARTIES
(e)Form. Interrogatories shall be arranged so that a blank space is provided after each separately numbered interrogatory. The space shall be reasonably sufficient to enable the answering party to insert the answer within the space. If sufficient space is not provided, the answering party may attach additional papers with answers and refer to them in the space provided in the interrogatories. The original and a copy of the interrogatories shall be served on the party to whom the interrogatories are directed and copies on all other parties. A-certificato of service or-an attached — notice that the — interrogatories have been served, giving the-date of service, the number of interrogatories served and the name of the party-to whom they were directed shall bo filed. The completed interrogatories shall be filed and served by the answering party served upon the party originally propounding the interrogatories and a copy shall be served upon all other parties bv the answering party. The original or any copy of the answers to interrogatories may be filed bv any party when the court should consider the answers to interrogatories in determining any matter pending before the court. The court may order a copy of the answers to interrogatories filed at any time when the court determines that examination of the answers to interrogatories is necessary to determine any matter pending before the court.
RULE 1.350 PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES
*931 (d) Filing of Documents. Unless required bv the court, a party shall not file any of the documents or things produced with the response. Documents or things may be filed when they should be considered bv the court in determining a matter pending before the court.
RULE 1.450 EVIDENCE
(d) Disposal. — The clerk shall retain exhibits introduced — in evidence- or marked for identification until one year after a judgment bccomes-final. — The-eourt may-permit a party to-withdraw-any-exhibit--at any time. — If an exhibit is not withdrawn within the year, the-elerk, provided the written consent of the Division of Archives, History and — Records Management- of the -Department of State,--has been obtained in compliance with section 119.041, Florida Statutes, shall- destroy or dispose of the exhibits-after giving the — parties or their attorneys 10 days-’ notice of his intention to do so. — The notice may be given by — publication-in a newspaper qualified for legal advertising and notices-under section- 50.031, Florida Statutes. — Exhibits shall be delivered to the appropriate party or attorney calling for them during the 10 days. — Transcripts of testimony, other than depositions, are not subject to -this-subdivision-and shall not be destroyed.

 John A. Barley, Esq.; The Honorable William B. Blackwood, Jr.; The Honorable Richard P. Brinker; The Honorable Harold R. Clark; William Ford Duane, Esq.; E. McGruder Farris, Esq.; Robert L. Horey; David Lang; The Honorable Hugh MacMillan; Richard H. Masten; The Honorable Douglas M. Midgley; The Honorable Janet Reno; The Honorable Benjamin M. Tench; Henry P. Trawick, Jr., Esq.; Wilfred C. Yam, Esq.