954 So.2d 16 (2007)
In re AMENDMENTS TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.420  SEALING OF COURT RECORDS AND DOCKETS.
No. SC06-2136.
Supreme Court of Florida.
April 5, 2007.
Gary Devenow Fox, Chair, Rules of Judicial Administration Committee, Miami, Florida, William C. Vose, Chair, Florida Bar Criminal Procedure Rules Committee, Orlando, Florida, Scott M. Dimond of Dimond, Kaplan and Rothstein, P.A., Miami, Florida, and John F. Harkness, Jr., Executive Director, J. Craig Shaw, Bar Liaison, The Florida Bar, Tallahassee, Florida, for Petitioner.
Carol Jean LoCicero and Deanna K. Shullman of Thomas and LoCicero, PL, Tampa, Florida on behalf of Florida Media Organizations; Carol M. Touhy, Deland, Florida on behalf of the Honorable Diane M. Matousek, Clerk of the Circuit Court, Seventh Judicial Circuit; Arthur I. Jacobs, General Counsel, Florida Prosecuting Attorneys *17 Association, Jacobs and Associates, P.A., Fernandina Beach, Florida and Penny H. Brill, Assistant State Attorney, Eleventh Judicial Circuit, Miami, Florida on behalf of the Florida Prosecuting Attorneys Association; John Eddy Morrison, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida, Robert Dewitt Trammell, General Counsel for Florida Public Defender Association, Inc., and Nancy Daniels, Public Defender, Second Judicial Circuit, Tallahassee, Florida on behalf of Florida Public Defender Association, Inc.; W. Hampton Keen of Lytal, Reiter, Clark, Fountain and Williams, LLP, West Palm Beach, Florida on behalf of Don Fountain, Jr.; the Honorable Judith L. Kreeger, Circuit Judge, Eleventh Judicial Circuit, Chair, Committee on Access to Court Records, Miami, Florida on behalf of Supreme Court Committee on Access to Court Records, Responding with comments.
PER CURIAM.
At the request of the Court, the Florida Bar's Rules of Judicial Administration Committee (RJA Committee) has filed an out-of-cycle report proposing procedures for sealing court records. See Fla. R. Jud. Admin. 2.140(f). This report addresses highly serious concerns first identified by Florida news media reports about hidden cases and secret dockets, sometimes called "supersealing." These reports identified practices that, however unintentional, were clearly offensive to the spirit of laws and rules that ultimately rest on Florida's well-established public policy of government in the sunshine. We have jurisdiction. See art. V, § 2(a), Fla. Const. As explained below, the public's constitutional right of access to court records must remain inviolate, and this Court is fully committed to safeguarding this right.
The Florida Constitution mandates that the public shall have access to court records, subject only to certain enumerated limitations, see art. I, § 24, Fla. Const., and this Court has adopted rules of procedure recognizing this right of public access to court records. See Fla. R. Jud. Admin. 2.420. These rules identify a narrow category of court records where public access is automatically restricted by operation of state or federal law or court rule, see Fla. R. Jud. Admin. 2.420(c)(7)-(8), such as in child dependency cases. See, e.g., § 39.0132(3)-(4), Fla. Stat. (2006); Fla. R.App. P. 9.146(f). Otherwise, our rules strongly disfavor court records that are hidden from public scrutiny. The rules provide only a limited veil that is restricted to a second category of court records where a set of carefully defined interests are involved. See Fla. R. Jud. Admin. 2.420(c)(9); see also Barron v. Fla. Freedom Newspapers, Inc., 531 So.2d 113 (Fla. 1988).
With these principles in mind, the Court today adopts on an interim, emergency basis the amendments to rule 2.420 set forth herein. These amendments provide a procedural vehicle for making circuit and county court records in noncriminal cases confidential under rule 2.420(c)(9), on the one hand, and for unsealing court records that have been made confidential under that rule, on the other hand. The following are among the procedures we adopt:
1. A request to make court records in noncriminal cases confidential must be made by written motion.
2. A public hearing must be held on any contested sealing motion and may be held on certain uncontested sealing motions.
3. A sealing order issued by a court must state with specificity the grounds for sealing and the findings of the court that justify sealing.

*18 4. All sealing orders must be published to the public.
5. A nonparty may file a motion to vacate a sealing order.
6. A public hearing must be held on any contested motion to vacate a sealing order and may be held on certain uncontested motions to vacate.
7. A court may impose sanctions on any party who files a sealing motion without a good-faith basis and without a sound factual and legal basis.
8. Most significant for our purposes here, by mandating that the case number, docket number, or other identifying number of a case cannot be made confidential, the removal from public view of all information acknowledging the existence of a case is expressly not allowed.
These procedures, which are intended for use in noncriminal cases, are adopted in the same spirit of openness and transparency that has informed the Court's case law and rules of procedure throughout its modern history.[1] Their adoption reaffirms our courts' commitment to ensuring that the public has proper access to court records and case information, and this will prevent a recurrence of the practices that gave rise to the present concerns. The procedures we adopt today are not the Court's final statement in this area. Given the importance of this issue, the Court will continue to work with the appropriate committees to achieve uniform statewide procedures to address all aspects of this issue. Specifically, as for criminal case records, we refer the matter back to the appropriate committees for additional study. We also refer to the appropriate rules committees the issue of whether procedures similar to those adopted here are needed to address requests to seal appellate court records.

PROCEDURAL BACKGROUND
In response to media reports concerning hidden cases and secret dockets, the Florida Association of Court Clerks and Comptrollers (FACCC), at the Court's invitation, suggested amendments to the following rules: Florida Rules of Judicial Administration 2.051 (renumbered 2.420[2]), Public Access to Judicial Branch Records, and 2.075 (renumbered 2.430[3]), Retention of Court Records, and Florida Rule of Criminal Procedure 3.692, Petition to Seal or Expunge. After the Court reviewed the proposals, Chief Justice Lewis notified the RJA Committee and the Criminal Procedure Rules Committee (CPR Committee) that the Court would like those committees to consider the proposals and to file out-of-cycle proposed rule amendments on an expedited basis to address the concerns raised by the media. Further, the Chief Justice, on behalf of the Court, directed the chief judges of the circuit courts to promptly take the following action: (1) establish a procedure for reviewing sealed cases or sealed court records in their circuits similar to the procedures already established in certain circuits; (2) submit a report explaining the status of their review of such cases or records; and (3) describe the steps taken, or to be taken in the immediate future, to address this issue.
The chief judges subsequently filed their reports. Those reports indicate that the corrective action taken by the chief judges, *19 which included the issuance of administrative orders, has addressed and remedied the immediate public concern about the sealing of court records or dockets. The procedures implemented, however, vary from circuit to circuit. This lack of uniformity underscores the urgent need for adoption of a uniform statewide rule. Pursuant to this goal, the RJA Committee filed its report proposing new rule 2.420(d), Request to Make Circuit and County Court Records Confidential.[4] The committee approved the proposal by a vote of twenty-five to zero. The Executive Committee of The Florida Bar Board of Governors approved it by a vote of nine to zero. The Court scheduled oral argument and published the proposal for comment in the December 15, 2006, edition of The Florida Bar News. Comments were filed by several entities.[5]
After the CPR Committee was granted an extension of time in which to file its report, the Chief Justice, on behalf of the Court, asked that committee to also consider whether a rule of criminal procedure is needed to address a related concern about a reported practice of altering court records to protect confidential informants. Just prior to oral argument in this case, the CPR Committee filed its report recommending adoption of the RJA Committee's proposed amendments to rule 2.420 with several changes suggested by the Florida Prosecuting Attorneys Association (FPAA), as explained below. Alternatively, the CPR Committee recommends that the Court return this matter to the committee for consideration of new Rule of Criminal Procedure 3.693, which would govern requests to make records confidential in criminal cases and which was proposed by the Miami-Dade State Attorney's Office. Because the CPR Committee's report contained no separate proposed rule amendments, the report was treated as a comment in this case. Oral argument in the present case was held on March 5, 2007.

LEGAL BACKGROUND
Pursuant to the policy of open government, Florida electors in 1992 adopted article I, section 24, Florida Constitution, sometimes called the Sunshine Amendment, effective July 1, 1993, which applies to all branches of state government, including our courts, and provides as follows in relevant part:
SECTION 24. Access to public records and meetings. 
(a) Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder. . . .
. . . .
(d) All laws that are in effect on July 1, 1993, that limit public access to records or meetings shall remain in force, and such laws apply to records of the *20 legislative and judicial branches, until they are repealed. Rules of court that are in effect on the date of adoption of this section that limit access to records shall remain in effect until they are repealed.

Art. I, § 24, Fla. Const. (emphasis added).
Anticipating adoption of the Sunshine Amendment, the Court, effective October 29, 1992, adopted Florida Rule of Judicial Administration 2.051,[6] which was recently renumbered rule 2.420.[7] Rule 2.420 provides as follows in relevant part:
RULE 2.420 PUBLIC ACCESS TO JUDICIAL BRANCH RECORDS
(a) Scope and Purpose. Subject to the rulemaking power of the Florida Supreme Court provided by article V, section 2, Florida Constitution, the following rule shall govern public access to the records of the judicial branch of government. The public shall have access to all records of the judicial branch of government, except as provided below.

. . . .
(c) Exemptions. The following records of the judicial branch shall be confidential:

. . . .
(7) All records made confidential under the Florida and United States Constitutions and Florida and federal law;

(8) All records presently deemed to be confidential by court rule, including the Rules for Admission to the Bar, by Florida Statutes, by prior case law of the State of Florida, and by the rules of the Judicial Qualifications Commission;
(9) Any court record determined to be confidential in case decision or court rule on the grounds that [the Barron factors[8]are satisfied].

Fla. R. Jud. Admin. 2.420 (emphasis added).
Rule 2.420 recognizes a narrow category of court records where public access is automatically restricted by operation of state or federal law or court rule. See Fla. R. Jud. Admin. 2.420(c)(7)-(8). For records in this category, the State itself, through law and court rule, has identified *21 specific privacy or government interests that clearly outweigh the public's right to know. These interests have been identified through the democratic process either in the Legislature or through the Court's public rule-making process. Rule 2.420 also identifies a separate category of court records where parties can assert a narrow set of carefully defined interests that may justify the closing of all or part of the record. See Fla. R. Jud. Admin. 2.420(c)(9). In these circumstances, courts may enter a sealing order only if reasonable public notice of the order is given so that the media and other third parties can exercise their right to challenge the propriety of the order once issued. These individualized sealing orders must meet the test first defined in Barron and subsequently codified in rule 2.420.[9]
The subject of the present case, new rule 2.420(d), Request to Make Circuit and County Court Records in Noncriminal Cases Confidential, applies only to the latter category of court records. Court records that fall within the former category currently are being studied, in a separate matter, by the Court's Committee on Access to Court Records (Access Committee).[10]
NEW SUBDIVISION (d), REQUEST TO MAKE CIRCUIT AND COUNTY COURT RECORDS IN NONCRIMINAL CASES CONFIDENTIAL
The Court adopts proposed new subdivision (d) of rule 2.420 as submitted by the RJA Committee with the changes noted herein. The RJA Committee acknowledged at oral argument that the new subdivision was designed for use in civil, not criminal, cases, and we so limit its scope. We change the title and certain language in the subdivision to reflect the rule's limitation to noncriminal cases. The major provisions of new subdivision (d), Request to Make Circuit and County Court Records in Noncriminal Cases Confidential, are summarized below.
Subdivision (d)(1) provides that a request to make records confidential under subdivision (c)(9) must be made via written motion. The parties may not merely submit an agreed-upon order. The motion must be captioned "Motion to Make Court Records Confidential" and must identify with particularity the records to be made confidential and the grounds. The clerk must treat all court records subject to such a motion as confidential pending resolution of the motion. To discourage litigants from using the motion to achieve temporary confidentiality, the moving party must certify that the motion is being made in good faith. The movant also must certify that the motion is supported by a sound factual and legal basis, as suggested by Florida Media Organizations (FMO).
Hearings on an initial motion are addressed in subdivision (d)(2), which provides that the court must hold a hearing on any contested motion and that the court may in its discretion hold a hearing on an uncontested motion. Because the mere filing of a motion has the effect of making materials confidential, a hearing must be held within thirty days after the filing of the motion. The hearings are open to the public, although a party may seek to hold all or a portion of the hearing in camera if necessary to protect any of the interests listed in subdivision (c)(9)(A). The moving party is responsible for ensuring that a record of the hearing is made. Prior public notice of the hearing is not automatically *22 required, though the court in its discretion may require such notice.[11]
The content of a sealing order is addressed in subdivision (d)(3), which seeks to eliminate confusion in clerks' offices regarding the intent of sealing orders by requiring that an order granting a sealing request must contain as much detail as possible. This must be done without revealing the information that is being made confidential. Details include case type, grounds for seeking confidentiality, parties' names or pseudonyms, whether the progress docket is to be confidential, the court records that are to be confidential, and the names of persons who are permitted access. The order also must contain specific findings that the degree, duration, and manner of confidentiality are no broader than necessary to protect the interests listed in (c)(9)(A), and that there are no less restrictive measures available to protect those interests. It also must direct the clerk to publish the order. These requirements are intended to ensure that sealing orders that are agreed upon by the parties are not entered until the court has independently verified that sealing is indeed warranted.
Public notice of a sealing order is addressed in subdivision (d)(4), which sets forth the procedures for court clerks to follow in giving public notice of a sealing order. The clerk must post a copy of the order on the clerk's website and in a public location in the courthouse within ten days following entry of the order. The order must remain posted in both locations for at least thirty days, as urged by FMO. Current subdivision (c)(9)(D), which is a brief, general statement providing that reasonable public notice of a sealing order must be given, is deleted and supplanted by this new subdivision (d)(4).
The procedure by which a nonparty may challenge a sealing order is set forth in subdivision (d)(5). The procedure is similar to the procedure for requesting that court records be made confidential. The request to vacate a confidentiality order must be made in writing and provide as much detail as possible regarding the bases for relief. Because there will be times when party names are made confidential, the rule provides a procedure whereby the court will be responsible for serving a challenge motion on the parties. A hearing must be held on a contested challenge motion, and the court in its discretion may hold a hearing on an uncontested motion. Challenge hearings must be open to the public, though a party may seek to hold a portion or all of the hearing in camera if necessary to protect the interests listed in subdivision (c)(9)(A). The movant must ensure that a record of the hearing is made.
With respect to subdivision (d)(5), FMO proposes that the proponent of closure should bear the burden of establishing the propriety of closure in all such proceedings, including in any subsequent proceedings to vacate closure orders. The Access Committee proposes that, on a motion to vacate, the burden of proving each of the elements of closure should remain on the proponent of closure in those cases where no prior adversarial hearing took place. We note, however, that under the new subdivision, regardless of whether a closure motion is contested or not, the court must state with specificity its grounds for *23 closure under subdivision (c)(9)(A) and also must make specific findings supporting its ruling with respect to the (c)(9)(B) and (C) factors. Accordingly, we agree with the RJA Committee that it is reasonable to accord such an order a presumption of correctness and to require that the movant seeking to vacate such an order bear the burden of showing that the order is unsound.
Because a motion to make records confidential has the effect of making materials temporarily confidential merely by its filing, subdivision (d)(6) provides that if a motion is not made in good faith and supported by a sound legal and factual basis the court may impose sanctions upon the movant. And finally, subdivision (d)(7) provides that court records made confidential under this rule must be treated as confidential during any appellate proceedings.[12]

CONCLUSION
We hereby adopt the amendments to the Florida Rules of Judicial Administration as set forth in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-through type. The court and committee commentary are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon issuance of this opinion and shall supersede any conflicting procedures established by administrative order. Because the RJA Committee did not focus on the sealing of court records in criminal cases and because the CPR Committee asked that this matter be returned to that committee if the Court declines to adopt FPAA's proposals,[13] the Court adopts new subdivision (d) on an interim basis and returns this matter to both rules committees to work together to propose rule amendments to address the sealing of court records in criminal cases. We also ask the RJA Committee to work with the Appellate Court Rules Committee to consider the need for rules governing requests to seal appellate court records.
We note that any procedures that the Court adopts, whether today or in the future, to address this issue are only as good as the manner in which they are applied and enforced. In this respect, Florida's trial courts and court clerks are the first line of action. We are confident that trial judges and clerks of court will remain ever vigilant of the courts' long-standing presumption in favor of open records. See Barron, 531 So.2d at 118 ("First, a strong presumption of openness exists for all court proceedings. A trial is a public event, and the filed records of court proceedings are public records available for public examination.").
We thank the chief judges of the circuit courts for promptly taking the steps necessary to ensure that the public has proper access to court records in their respective circuits. We also extend our sincere *24 appreciation to the Rules of Judicial Administration Committee, the Criminal Procedures Rules Committee, the Florida Association of Court Clerks and Comptrollers, and the commentators for their insight and assistance in addressing this important matter.
We conclude with an observation. This Court would never have learned of the concerns we seek to address here had it not been for the media. For that, Florida's media are to be commended. The pioneering broadcast journalist Edward R. Murrow is reported to have observed that the two things that truly distinguish a free society from all others are an independent judiciary and a free press. In this instance, the free press has shown its value to the people of Florida by helping the judiciary identify and quickly correct unintended practices that tended to undermine public trust and confidence in our courts.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
RULE 2.420. PUBLIC ACCESS TO JUDICIAL BRANCH RECORDS
(a)-(b) (No Change)
(c) Exemptions. The following records of the judicial branch shall be confidential:
(1)-(8) (No Change)
(9) Any court record determined to be confidential in case decision or court rule on the grounds that
(A) confidentiality is required to
(i)-(vii) (No Change)
(B) the degree, duration, and manner of confidentiality ordered by the court shall be no broader than necessary to protect the interests set forth in subdivision (A); and
(C) no less restrictive measures are available to protect the interests set forth in subdivision (A); and
(D) except as provided by law or rule of court, reasonable notice shall be given to the public of any order closing any court record.
(10) (No Change)
(d) Request to Make Circuit and County Court Records in Noncriminal Cases Confidential.
(1) A request to make circuit and county court records in noncriminal cases confidential under subdivision (c)(9) must be made in the form of a written motion captioned "Motion to Make Court Records Confidential." A motion made under this subdivision must:
(A) identify the particular court records the movant seeks to make confidential with as much specificity as possible without revealing the information to be made confidential; and
(B) specify the bases for making such court records confidential.
Any motion made under this subdivision must include a signed certification by the party making the request that the motion is being made in good faith and is supported by a sound factual and legal basis. The court records that are subject to a motion made under this subdivision must be treated as confidential by the clerk pending the court's ruling on the motion. Notwithstanding any of the foregoing, the court may not make confidential the case number, docket number, or other number used by the clerk's office to identify the case file.
(2) Except when a motion filed under subdivision (d)(1) represents that all parties agree to all of the relief requested, the *25 court must, as soon as practicable but no later than 30 days after the filing of a motion under this subdivision, hold a hearing before ruling on the motion. Whether or not any motion filed under subdivision (d)(1) is agreed to by the parties, the court may in its discretion hold a hearing on such motion. Any hearing held under this subdivision must be an open proceeding, except that any party may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c)(9)(A). The moving party shall be responsible for ensuring that a complete record of any hearing held pursuant to this subdivision be created, either by use of a court reporter or by any recording device that is provided as a matter of right by the court. The court may in its discretion require prior public notice of the hearing on such a motion in accordance with the procedure for providing public notice of court orders set forth in subdivision (d)(4) or by providing such other public notice as the court deems appropriate.
(3) Any order granting in whole or in part a motion filed under subdivision (d)(1) must state the following with as much specificity as possible without revealing information made confidential:
(A) The type of case in which the order is being entered;
(B) The particular grounds under subdivision (c)(9)(A) for making the court records confidential;
(C) Whether any party's name is to be made confidential and, if so, the particular pseudonym or other term to be substituted for the party's name;
(D) Whether the progress docket or similar records generated to document activity in the case are to be made confidential;
(E) The particular court records that are to be made confidential;
(F) The names of those persons who are permitted to view the confidential court records;
(G) That the court finds that: (i) the degree, duration, and manner of confidentiality ordered by the court is no broader than necessary to protect the interests set forth in subdivision (c)(9)(A); and (ii) no less restrictive measures are available to protect the interests set forth in subdivision (c)(9)(A); and
(H) That the clerk of the court is directed to publish the order in accordance with subdivision (d)(4).
(4) Except as provided by law or court rule, notice must be given of any order granting a motion made under subdivision (d)(1) as follows. Within 10 days following the entry of the order, the clerk of court must post a copy of the order on the clerk's website and in a prominent, public location in the courthouse. The order must remain posted in both locations for no less than 30 days.
(5) If a nonparty requests that the court vacate all or part of an order issued under subdivision (d)(3), the request must be made in the form of a written motion that states with as much specificity as possible the bases for the request. The movant must serve all parties in the action with a copy of the motion. In the event that the subject order specifies that the names or addresses of one or more parties are to be made confidential, the movant must state prominently in the caption of the motion "Confidential Party  Court Service Requested." When a motion so designated is filed, the court shall be responsible for providing a copy of the motion to the parties in such a way as to not reveal the confidential information to the movant. Except when a motion filed under *26 this subdivision represents that all parties agree to all of the relief requested, the court must hold a hearing before ruling on the motion. Whether or not any motion filed under this subdivision is agreed to by the parties, the court may in its discretion hold a hearing on such motion. Any hearing held under this subdivision must be an open proceeding, except that any party may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c)(9)(A). The movant shall be responsible for ensuring that a complete record of any hearing held under this subdivision be created, either by use of a court reporter or by any recording device that is provided as a matter of right by the court.
(6) If the court determines that a motion made under subdivision (d)(1) was not made in good faith and supported by a sound legal and factual basis, the court may impose sanctions upon the movant.
(7) Court records made confidential under this rule must be treated as confidential during any appellate proceedings. In any case where an order making court records confidential remains in effect as of the time of an appeal, the clerk's index must include a statement that an order making court records confidential has been entered in the matter and must identify such order by date or docket number.
(de) Judicial Review of Denial of Access Request. Expedited review of denials of access to records of the judicial branch shall be provided through an action for mandamus, or other appropriate appellate remedy, in the following manner:
(1)-(2) (No Change)
(ef) Procedure. Requests and responses to requests for access to records under this rule shall be made in a reasonable manner.
(1)-(3) (No Change)

Committee Commentary

[1995 Amendment.] (No Change)

2002 Court Commentary

(No Change)

2005 Court Commentary

(No Change)

2007 Court Commentary
New subdivision (d) applies only to motions that seek to make court records in noncriminal cases confidential in accordance with subdivision (c)(9).

2007 Committee Commentary
Subdivision (d)(2) is intended to permit a party to make use of any court-provided recording device or system that is available generally for litigants' use, but is not intended to require the court system to make such devices available where they are not already in use and is not intended to eliminate any cost for use of such system that is generally borne by a party requesting use of such system.
NOTES
[1] See, e.g., In re Amendments to Fla. Rules of Jud. Admin.  Pub. Access to Jud. Records, 608 So.2d 472 (Fla.1992); Barron v. Fla. Freedom Newspapers, Inc., 531 So.2d 113 (Fla.1988); Miami Herald Publ'g Co. v. Lewis, 426 So.2d 1 (Fla.1982).
[2] See In re Amendments to Fla. Rules of Jud. Admin  Reorganization of Rules, 939 So.2d 966, 1005 (Fla.2006).
[3] See id. at 1006.
[4] The RJA Committee concluded that any change to rule 2.430, Retention of Court Records, is secondary to the issue at hand and should be considered later.
[5] Comments were filed by the following entities: Florida Media Organizations (FMO); Diane M. Matousek, Clerk of the Circuit Court, Volusia County; Attorney Don Fountain; the Florida Supreme Court Committee on Access to Court Records (Access Committee); the Florida Prosecuting Attorneys Association (FPAA); and the Florida Public Defender Association, Inc. (FPDA).
[6] See In re Amendments to Fla. Rules of Jud. Admin.  Pub. Access to Jud. Records, 608 So.2d 472 (Fla.1992).
[7] See In re Amendments to Fla. Rules of Jud. Admin.  Reorganization of Rules, 939 So.2d 966, 1005 (Fla.2006).
[8] The factors, which are derived from the holding of Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113, 118 (Fla.1988), are set forth in rule 2.420(c)(9) as follows:

(9) Any court record determined to be confidential in case decision or court rule on the grounds that
(A) confidentiality is required to
(i) prevent a serious and imminent threat to the fair, impartial, and orderly administration of justice;
(ii) protect trade secrets;
(iii) protect a compelling governmental interest;
(iv) obtain evidence to determine legal issues in a case;
(v) avoid substantial injury to innocent third parties;
(vi) avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of proceeding sought to be closed;
(vii) comply with established public policy set forth in the Florida or United States Constitution or statutes or Florida rules or case law;
(B) the degree, duration, and manner of confidentiality ordered by the court shall be no broader than necessary to protect the interests set forth in subdivision (A);
(C) no less restrictive measures are available to protect the interests set forth in subdivision (A); and
(D) except as provided by law or rule of court, reasonable notice shall be given to the public of any order closing any court record.
Fla. R. Jud. Admin. 2.420(c)(9).
[9] See supra note 8.
[10] See Committee on Access to Court Records, Fla. Admin. Order No. AOSC06-27 (Aug. 21, 2006) (on file with Clerk, Fla. Sup.Ct.).
[11] None of the committees or commentators has urged that public notice of the mere filing of a closure motion should be a requirement under this subdivision; this is consistent with existing precedent in this area. See generally Fla. R. Jud. Admin. 2.420, Comm. Commentary, 1995 Amendment (iterating the relevant law in this area and citing relevant precedent).
[12] Because new subdivision (d) applies only to noncriminal cases and because the issue of a procedure for use in criminal cases will be further addressed by the committees, the Court declines at this time to adopt proposed new subdivision (d)(8), which provides that requests to seal or expunge criminal history records must be made in accordance with Florida Rule of Criminal Procedure 3.692.
[13] Both the Florida Prosecuting Attorneys Association (FPAA) and the Florida Public Defender Association (FPDA) propose that the new subdivision, in order to protect confidential informants, should provide that sealing orders in criminal cases must be kept confidential and not posted. The CPR committee agrees with this position. Because new subdivision (d) as adopted is limited to noncriminal cases, however, we decline to adopt the proposals.