PER CURIAM.
We have for consideration the Report and Recommendations of the Judicial Branch Records Management Workgroup (Workgroup).[1] We approve the recommendations that will allow for the creation of a comprehensive judicial branch records management and retention program, which will be overseen by the newly established Judicial Branch Records Management Committee. We also approve the majority of the Workgroup’s proposed amendments to Florida Rule of Judicial Administration 2.430, Retention of Court Records, but de- *438 dine to remove the retention schedule for court records from the rule.
BACKGROUND
In 1981, prior to the 1992 adoption of article 1, section 24(c), of the Florida Constitution, which addresses the maintenance and destruction of public records, the Court adopted Rule of Judicial Administration 2.075 (now rule 2.430), which governs the retention of court records and sets forth the retention schedule for court records. See In re Florida Rules of Civil Procedure Florida Rules of Jud. Admin. — Court Documents Disposal, 403 So.2d 926 (Fla.1981). In 2002, the Court adopted amendments to the Rules of Judicial Administration concerning judicial branch public records recommended by the Supreme Court Workgroup on Public Records. In re Report of Supreme Court Workgroup on Public Records, 825 So.2d 889 (Fla.2002). At that time, as relevant here, the Court amended then rule 2.075[2] and adopted rule 2.076 (now rule 2.440), Retention of Judicial Branch Administrative Records, and the Judicial Branch Records Retention Schedule for Administrative Records. Unlike the retention schedule for court records currently set forth in rule 2.430, the retention schedule for administrative records is not a part of rule 2.440, although the schedule is referenced in subdivision (b), Retention Requirements, of the rule and is discussed in the rule commentary. Rather, the retention schedule for administrative records was adopted as a freestanding schedule that is currently included as an appendix to the Rules of Judicial Administration in Florida Rules of Court — State 236-53 (Thomson/West 2007).
Administrative Order No. AOSC04-1, issued January 6, 2004, established the Judicial Branch Records Management Work-group (Workgroup) to, among other things,[3] assist the Court in implementing the new rule provisions and retention schedule. See In re Judicial Branch Records Management Workgroup, Fla. Admin. Order No. AOSC04-1 at 1-2 (Jan. 6, 2004) (on file with Clerk, Fla. Sup.Ct.). The Workgroup met five times and submitted its report and recommendations to the Court in October 2006. The Work-group’s proposed amendments to the Florida Rules of Judicial Administration were published for comment in The Florida Bar News. Several comments were received by *439 the Court.[4] Oral argument on the proposed amendments was held on May 8, 2007.
NEW JUDICIAL BRANCH RECORDS MANAGEMENT AND RETENTION PROGRAM
This Court has consistently recognized and exercised its exclusive authority over judicial branch records. See, e.g., In re Amendments to Fla. Rule Jud. Admin. 2420 — Sealing of Court Records & Dockets, 954 So.2d 16 (Fla.2007) (adopting emergency procedures governing sealing of court records to ensure public’s right of access to court records); In re Report of Supreme Court Workgroup on Public Records, 825 So.2d 889 (Fla.2002) (amending various rules governing court records and adopting rules governing administrative records); Amendments to the Rules of Jud. Admin. — Rule 2.090 — Electronic Transmission & Filing of Documents, 681 So.2d 698, 699 (Fla.1996) (“As the head of the judicial branch, this Court has the exclusive responsibility for determining how records in the court system are filed and maintained.”); Times Publ’g Co. v. Ake, 660 So.2d 255, 257 (Fla.1995) (recognizing Court’s exclusive authority to oversee access to judicial records); In re Amendments to Rule of Jud. Admin. 2.051 — Public Access to Judicial Records, 651 So.2d 1185 (Fla.1995) (clarifying rules on public access to judicial branch records); In re Florida Rules of Civil Pro. Florida Rules of Jud. Admin. — Court Documents Disposal, 403 So.2d 926 (Fla. 1981) (adopting retention of court records rule to relieve the document storage burden on court system while maintaining integrity of court records). In furtherance of this Court’s longstanding goal to make the judicial branch fully responsible for the maintenance of its own records,[5] the Work-group proposes, and we approve, the creation of a formal judicial branch records management and retention program.
According to the report, since the Work-group’s creation, it has addressed numerous questions from clerks of court and court personnel concerning the retention and destruction of judicial branch records. Based on this experience, the Workgroup recommends that a centralized body be created to address such questions and to oversee a new records management program. Thus, a new Supreme Court committee, the Judicial Branch Records Management Committee (Committee), will be appointed by administrative order, issued by the Chief Justice, to oversee the new records management program envisioned by the Workgroup.[6] As part of the new *440 program, a Judicial Branch Records Management Officer within the Office of the State Courts Administrator (OSCA) will be appointed to advise and serve as a member of the new committee and to oversee the management of administrative records in this Court and OSCA. The program also will include the appointment of records management officers in each appellate and trial court to oversee the administrative records management in those courts. The clerks of the various courts, or their desig-nees, will serve as management officers for court records. The new committee will oversee the training of the management officers and other judicial employees. The Committee also will be available to respond to inquiries about records management and destruction through the issuance of advisory opinions. Most importantly, once in place, the new records management program will ensure proper oversight and maintenance of judicial branch records.
RULE AMENDMENTS
The Workgroup also recommends several amendments to Rule of Judicial Administration 2.430, Retention of Court Records. First, the Workgroup recommends that in furtherance of the goal to make the judicial branch fully responsible for maintenance of its own records, all references to the Division of Library and Information Services of the Department of State (Division) should be removed from rule 2.430.[7] The Workgroup also urges the Court to remove from the rules the retention schedule for court records currently contained in rule 2.430 and make it a freestanding schedule, like the retention schedule for administrative records, that would be amended administratively rather than through the formal rulemaking process set forth in rule 2.140.
The Rules of Judicial Administration Committee (Rules Committee) agrees that references to the Division should be deleted from rule 2.430. However, the Rules Committee urges that the retention schedule for court records remain in the rules. As explained below, we adopt the Work-group’s recommendation that references to the Division be removed from the rule, but we agree with the Rules Committee that the retention schedule should remain a part of rule 2.430.
Deletion of References to the Division of Library and Information Services
As recommended by the Workgroup, we delete current subdivision (b), Required Consent, from rule 2.430, which requires the obtaining of any consent required by law from the Division before court records can be disposed of under the rule, and renumber the remaining subdivisions accordingly. We also amend subdivisions (a)(3), “Permanently recorded,” and renumbered subdivisions (b), Permanently Recorded Records, and (g), Disposition Other Than Destruction, of rule 2.430 to remove references to the Division. However, rather than replacing the reference to the Division in subdivision (a)(3) with “judicial branch,” as suggested by the Workgroup, we amend that subdivision to define “permanently recorded,” for purposes of the rule, as a document that “has *441 been microfilmed, optically imaged, or recorded onto an electronic record keeping system in accordance with standards adopted by the Supreme Court of Florida.” This amendment is consistent with rule 2.525(a), Electronic Filing, Definition, which provides that a court’s electronic record keeping system used in connection with the electronic filing of documents must be “authorized by the Supreme Court of Florida.” The new Judicial Branch Records Management Committee will recommend to the Court standards for permanently recording court records under rule 2.430.
Retention Schedules and Procedures for Amending Rules and Schedules
We decline to remove the retention schedule for court records from rule 2.430. We agree with the Rules Committee that court records are an integral part of the administration of justice, and rules governing the retention and destruction of those records should remain in the Rules of Judicial Administration. We share the Rules Committee’s concern that there would not be adequate input on changes to the retention schedule from members of the Bar and clerks of court if the retention schedule were removed from the rules and the oversight of the Rules Committee.
The only reason given by the Work-group for removing the schedule from the rules is its belief that amendments to the judicial branch retention schedules should be addressed in a more efficient administrative process separate and independent from the more “cumbersome” procedures for amending rules. Under the Work-group’s proposal, the Judicial Branch Records Management Committee would recommend directly to the Court amendments to the judicial branch records retention schedules. However, the Workgroup offers no specific administrative procedure for amending the retention schedules other than to suggest that the Court would accept, reject, or modify the proposed amendments, which would go into effect within ninety days after their submission to the Court if the Court failed to act on them within that time period. At oral argument, the Chair of the Workgroup explained that the Workgroup also considered the option of requiring Court adoption of amendments to the retention schedules, and the Workgroup was not opposed to that requirement.
However, after considering the positions of the Workgroup and the Rules Committee, we believe the retention schedule for court records should remain in the Rules of Judicial Administration, and amendments to that schedule as well as amendments to the retention rules should continue to be made in accordance with rule 2.140. However, the retention schedule for administrative records will remain a freestanding schedule that will be amended administratively. Changes to that retention schedule will be recommended directly to the Court by the new committee and, after consideration by the Court, will be approved by administrative order issued by the Chief Justice.
We also have determined that rather than allowing the new committee to submit recommended changes to the retention rules and court records retention schedule directly to the Court, the committee should submit its recommendations to the Rules of Judicial Administration Committee for review and submission to the Court in accordance with rule 2.140. See Fla. R. Jud. Admin. 2.140(g)(2) (amendments to Part IV of the Rules of Judicial Administration, which contains rules 2.430 and 2.440, shall be referred to or proposed by the Rules of Judicial Administration Committee and adopted by the Court in accordance with rule 2.140). If expedited *442 amendments to the rules or schedule are needed, the Rules Committee can submit out-of-cycle proposals under rule 2.140(e), Emergency Recommendations by Committee. Placing this responsibility with the Rules Committee will ensure that a well-defined procedure that allows for formal input from the Bar and clerks of court and also encourages public comment is in place for amending these rules. See Fla. R. Jud. Admin. 2.140. A well-established procedure that provides for public scrutiny is warranted here, because the destruction of court records that have not been otherwise preserved effectively destroys the public’s right to access to those records.[8] Cf. In re Amendments to Fla. Rule of Judicial Admin. 2.120 — Sealing of Court Records & Dockets, 954 So.2d 16, 17 (Fla.2007) (“[T]he public’s constitutional right of access to court records must remain inviolate, and this Court is fully committed to safeguarding this right.”).
CONCLUSION
We thank the Judicial Branch Records Management Workgroup for its thorough recommendations and especially for its efforts to ensure proper maintenance and oversight of judicial branch records by developing a comprehensive program to address the numerous issues surrounding the retention and destruction of these records.
Accordingly, we amend the Florida Rules of Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion.
It is so ordered.
WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ„ concur.
LEWIS, C.J., concurs in part and dissents in part with an opinion.

. We have jurisdiction. Art. V, § 2(a), Fla. Const.

. Minor amendments were also made to rule 2.075 in Amendments to the Rules of Jud. Admin. — Rule 2.090 — Electronic Transmission & Filing of Documents, 681 So.2d 698 (Fla. 1996).

. The Workgroup was specifically charged with the following duties:
(1) Address and resolve questions from trial and appellate clerks of court and other court personnel concerning retention and destruction of judicial branch records.
(2) Develop procedures for adding record categories to the retention schedule and notifying trial and appellate clerks of court and other court personnel about changes to the retention schedule.
(3) Create a protocol, including training of trial and appellate clerk of court and court personnel, to ensure that record categories are interpreted consistently and uniformly in all state courts.
(4) Define responsibilities of the judicial branch records management liaison officer within the Office of the State Courts Administrator, and the responsibilities of records management liaison officers within the trial and appellate courts.
(5) Recommend rule changes needed to implement retention schedule requirements.
(6) Advise the chief justice and Supreme Court, the Office of the State Courts Administrator, and state trial and appellate courts about records management, retention, and destruction issues.
In re Judicial Branch Records Management Workgroup, Fla. Admin. Order No. AOSC04-1 at 2.-3 (Jan. 6, 2004) (on file with Clerk, Fla. Sup.Ct.).

. Suggested amendments to rule 2.430 resubmitted by the Florida Association of Court Clerks and Comptrollers were previously referred to the Rules of Judicial Administration Committee for consideration. See In re Amendments to Fla. Rule of Jud. Admin. 2.420 — Sealing of Court Records & Dockets, 954 So.2d at 18, 19 n. 4 (Fla.2007).

. See, Fla. Admin. Order No. AOSC04-1 at 1 (recognizing "the Court's decision to make the judicial branch fully responsible for maintenance of its own records”).

. The Judicial Branch Records Management Committee will have the following responsibilities:
(1) Develop records management and retention policies and procedures for the judicial branch.
(2) Recommend to The Florida Bar Rules of Judicial Administration Committee new records retention categories for court records and amendments to Florida Rules of Judicial Administration 2.430 and 2.440.
(3) Comment on proposed amendments to the retention rules submitted to the Court by the rules committee.
(4) Propose to the Supreme Court new records retention categories for judicial branch administrative records and amendments to the judicial branch administrative records retention schedule, which will be approved by administrative order.
*440 (5) Recommend to the Supreme Court standards for an electronic record keeping system for permanently recording court records under Florida Rule of Judicial Administration 2.430.
(6) Oversee and coordinate training for judicial branch records management officers.
(7)Provide guidance to records management officers through informal advisory opinions.

. There are no similar references to the Division in rule 2.440, Retention of Judicial Branch Administrative Records.

. An informal survey of the various circuit and district courts indicates that many of the courts currently preserve in some manner copies of court and administrative records that are destroyed under the retention schedules.