# Supreme Court of Florida

_____

No. SC20-1765

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.420.**

January 21, 2021

PER CURIAM.

The Court, on its own motion, amends Florida Rule of Judicial Administration 2.420(d) (Public Access to and Protection of Judicial Branch Records; Procedures for Determining Confidentiality of Court Records) to eliminate the requirement that the clerk of court independently designate as confidential information filed in certain civil cases. *See* Fla. R. Jud. Admin. 2.140(d). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

In 2010, the Court adopted a comprehensive set of amendments to Florida Rule of Judicial Administration 2.420 and the Florida Rules of Appellate Procedure to enact "a procedure that ensures the confidentiality of a narrow set of court records," as a "necessary prerequisite to the Court's ongoing effort to provide the public with electronic access to court records." *In re Amends. to Fla. Rule of Jud. Admin. 2.420 & Fla. Rules of App. Pro.*, 31 So. 3d 756, 757 (Fla. 2010).

Among these amendments, we adopted a new subdivision (d) of rule 2.420 and explained that the rule "sets forth the procedure for the clerks of court to designate court records as confidential." *Id.* at 765. We stated, "Subdivision (d)(1) requires the clerk of court to designate and maintain as confidential information governed by existing subdivisions (c)(1) through (c)(6) and information that is confidential or exempt under a subdivision (d)(1)(B) exemption . . . . The clerk's responsibility under the new [subdivision (d)(1)] is independent of the responsibility of the filer." *Id.*

Since subdivision (d)(1) was adopted, however, news media organizations in Florida have reported concerning delays in their access to nonconfidential court records, in part due to the requirement that the clerks of court independently review all new filings for confidential information.[1] This Court has previously expressed its commitment to safeguard the public's right of access to court records. *See*, *e.g.*, *In re Amends. to Fla. Rule of Jud. Admin. 2.420—Sealing of Court Records & Dockets*, 954 So. 2d 16, 17 (Fla. 2007) ("[T]he public's constitutional

---

1. In December 2018, Thomas & LoCicero PL, on behalf of a coalition of news media organizations, published a report summarizing a journalist's attempts to gain access to new case filings at various clerks' offices throughout the state. *See* Thomas & LoCicero PL, *Report: Tour of Florida Courthouses to Access Court Records* (Dec. 10, 2018). The report concludes that access to court records, both in person and online, was routinely delayed. The report also suggests the primary reason for the delays is because the clerks of court are responsible for reviewing and redacting every filing prior to allowing access.

right of access to court records must remain inviolate, and this Court is fully committed to safeguarding this right."). Accordingly, to address timely access to court records, we now amend subdivision (d)(1) to provide that, in certain civil cases, the clerk of court does not have an independent responsibility to identify and designate information as confidential. Instead, that is the sole responsibility of the filer.

In a limited group of civil cases, the clerk of court will designate information or documents as confidential only when: the filer of the confidential information or document files a Notice of Confidential Information within Court Filing pursuant to Florida Rule of Judicial Administration 2.420(d)(2); the filer files a Motion to Determine Confidentiality of Court Records pursuant to Florida Rule of Judicial Administration 2.420(d)(3); the filing is deemed confidential by court order; or the case itself is confidential by law. The only civil cases to which this new rule applies are civil case types originating in the circuit, county, or small claims courts (identified by the Court Type Designators CA, CC, and SC in the uniform case numbering system),[2] except those case types listed as "Viewable on Request

---

2. In 1998, the Chief Justice issued an Administrative Order implementing a uniform case numbering system for Florida courts. *In re Uniform Case Numbering System*, Fla. Admin. Order (July 6, 1998). In the circuit and county courts, the uniform case number includes a two-letter "Court Type Designator" identifying the case type. The full list of Case Type Designators is outlined in the Appendix to the

(VOR)"[3] in the Standards for Access to Electronic Court Records and Access Security Matrix, as adopted by the supreme court in Administrative Order AOSC14-19 or the then-current standards for access.

We note that the amendments adopted in this opinion do not impact the existing procedure requiring the clerk of court to designate and maintain court

_____

Administrative Order, and includes circuit civil cases (CA), county civil cases (CC), and small claims cases (SC).

3. The Access Security Matrix highlights certain case types as "Viewable on Request (VOR)":

> [T]o ensure that information is properly removed prior to public access, some case types and document types have a special electronic security called viewable on request. Selecting an image of a court document in cases or documents coded viewable on request will not allow the user to view the record at that point. Instead, a request is generated to a clerk, who performs a second examination of the document to remove personal identification information and information about the victims of sexual or child abuse crimes. After the clerk has completed, the requestor then receives a notice that the document is available for viewing. Once a document has been requested and reviewed, it is available for all future access without requiring a request/review.

Access Security Matrix, https://www.flcourts.org/content/download/690684/file/access-security-matrix-v9-november%202020.pdf (last updated Nov. 2020). Currently, the Access Security Matrix identifies the following case types as Viewable on Request: "County Criminal Appeals Sexual Abuse," "Jimmy Ryce Act," "Circuit Civil Private (Sexual Abuse & Medical Malpractice)," "Felony - sexual cases," "Sexual Violence," "Extradition," "Misdemeanor - sexual cases," and "Misdemeanor-Misc."

records as confidential in all non-civil cases, including criminal cases,[4] guardianship and probate cases, adoption proceedings, or juvenile dependency or juvenile delinquency cases.  In non-civil cases, subdivision (d)(1) continues to require "the clerk of court to designate and maintain as confidential information governed by . . . subdivisions (c)(1) through (c)(6) and information that is confidential or exempt under a subdivision (d)(1)(B) exemption."  *In re Amends. to Fla. Rule of Jud. Admin. 2.420 & the Fla. Rules of App. Pro.*, 31 So. 3d at 765. We also emphasize that any party, non-party, or attorney who does not comply with the requirements in rule 2.420 may be subject to sanctions under subdivision (i) (Sanctions) of rule 2.420.

Accordingly, the Florida Rules of Judicial Administration are amended as reflected in the appendix to this opinion.[5]  New language is indicated by underscoring; deletions are indicated by struck-through type.  To allow an opportunity for public comments, these amendments will not take effect until July 1, 2021, at 12:01 a.m.  In particular, we invite comments from the Florida Bar

---

4. The amendments we adopt in this opinion have no impact on the clerk's obligation to designate and maintain information and documents as confidential under article I, section 16(b) of the Florida Constitution.

5. We refer these amendments to the Florida Courts Technology Commission to update the Standards for Access to Electronic Court Records and Access Security Matrix as necessary.

Rules of Judicial Administration Committee and the Florida Court Clerks and

Comptrollers. Interested persons shall have seventy-five days from the date of this

opinion in which to file comments with the Court.[6]

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

---

6. All comments must be filed with the Court on or before April 6, 2021, with a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**APPENDIX**

**RULE 2.420.** **PUBLIC ACCESS TO AND PROTECTION OF JUDICIAL BRANCH RECORDS**

**(a) – (c)** **[No Change]**

**(d)** **Procedures for Determining Confidentiality of Court Records.**

(1) Except as provided in subdivision (d)(1)(C), Tthe clerk of the court shall designate and maintain the confidentiality of any information contained within a court record that is described in subdivision (d)(1)(A) or (d)(1)(B) of this rule. The following information shall be maintained as confidential:

(A) The clerk of the court shall maintain as confidential information described by any of subdivisions (c)(1) through (c)(6) of this rule; and

(B) eExcept as provided by court order, the clerk of the court shall maintain as confidential information subject to subdivision (c)(7) or (c)(8) of this rule that is currently confidential or exempt from section 119.07, Florida Statutes, and article I, section 24(a) of the Florida Constitution as specifically stated in any of the following statutes or as they may be amended or renumbered:

(i) – (xxiii) [No Change]

(C) In civil cases, the clerk of the court shall not be required to designate and maintain information as confidential unless the filer follows the notice procedures set forth in subdivision (d)(2), the filer files a Motion to Determine Confidentiality of Court Records as set forth in subdivision (d)(3), the filing is deemed confidential by court order, or the case itself is confidential by law. "Civil cases" as used in this rule includes only civil case types in the circuit, county, or small claims courts (identified by the Court Type Designator CA, CC, and SC in the uniform case numbering system), except those case types listed as "Viewable on Request (VOR)" in the Standards for Access to Electronic Court Records and Access Security Matrix, as adopted by the supreme court in Administrative Order AOSC14-19 or the then-current standards for access.

(2) – (5) [No Change]

**(e) – (m)** **[No Change]**

**Committee Note**

**[No Change]**


**2002 – 2007 Court Commentary**

**[No Change]**


**2007 Committee Commentary**

**[No Change]**


**APPENDIX TO RULE 2.420**

**[No Change]**