# Supreme Court of Florida

_____

No. SC14-219

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION.**

[October 30, 2014]

PER CURIAM.

We have for consideration the regular-cycle report of proposed rule amendments filed by The Florida Bar's Rules of Judicial Administration Committee (Rules Committee). See Fla. R. Jud. Admin. 2.140(b)(4). We have jurisdiction[1] and adopt the amendments as proposed.

## BACKGROUND

The Rules Committee proposes amendments to Florida Rules of Judicial Administration 2.430 (Retention of Court Records), and 2.510 (Foreign Attorneys). Consistent with rule 2.140(b)(2), the Rules Committee published the proposals for comment before filing them with the Court. The Committee did not receive any

_____

1. See art. V, § 2(a), Fla. Const.

comments.  The Board of Governors of The Florida Bar approved the proposals.  The Court also published the proposals for comment.  One comment was filed with the Court by the Florida Association of Court Clerks, Inc. (Clerks) opposing the amendments to rule 2.430.  The Rules Committee filed a response urging the Court to adopt those amendments as proposed.

In response to a request by the Court, the Judicial Branch Records Management Committee filed a comment making recommendations on the proposed amendments to rule 2.430, and addressing the issues raised in the Clerks' comment.  See In re Amends. to the Fla. Rules of Jud. Admin., No. SC14-219 (Fla. order filed June 18, 2014) (requesting comment); see also In re Amends. to Rule of Jud. Admin. 2.430, 973 So. 2d 437, 440 n.6 (Fla. 2008) (stating that the Judicial Branch Records Management Committee has responsibility to comment on proposed amendments to the retention rules); In re Judicial Branch Records Mgmt. & Retention Program, Fla. Admin. Order No. AOSC08-5, 1-2 (Dec. 15, 2008) (charging the Judicial Branch Records Management Committee with responsibility to comment on proposed amendments to the retention rules).  The Clerks filed a response to the comment, after being granted leave to do so.

## AMENDMENTS

After considering the Rules Committee's proposals, the comments filed, and the responses to the comments, we amend the rules as proposed.

The more significant amendments to rule 2.430 (Retention of Court Records) extend the retention periods for misdemeanor and criminal traffic violation records, and clarify that criminal traffic violations records are considered either misdemeanor records or felony records. Currently, as relevant here, rule 2.430(c)(1)(C) allows the clerks to destroy misdemeanor and criminal traffic violation records that are not permanently recorded five years after the judgment becomes final. The reference to "criminal traffic violations" is removed from the retention schedule and those records are now subsumed under the schedules for misdemeanor and felony records. The amendments to subdivisions (c)(1)(C), (c)(1)(E), and (c)(1)(F) require the same 10- and 75-year retention periods for misdemeanor records as are currently required for felony records, under subdivisions (c)(1)(E) and (c)(1)(F). According to the Rules Committee's report, the longer retention periods were suggested by the Florida Prosecuting Attorneys Association. The prosecutors were concerned about the destruction of misdemeanor records by clerks after five years and explained the need to maintain those records in order to prove recidivism if the crimes in question occur more than five years apart. In addition, the prosecutors urged that misdemeanor records are needed for postconviction motions, impeachment with prior convictions, and preparation of sentencing guideline scoresheets.

The Court has given due consideration to the Clerks' concerns about the cost of maintaining misdemeanor and criminal traffic records for the extended retention periods. While we appreciate the Clerks' concerns, all agree that the cost to maintain paper records will continue to diminish as the judicial system moves to a fully electronic filing and document management system. And the Court agrees with the Rules Committee and the Judicial Branch Records Management Committee that any remaining fiscal concerns attendant to electronically retaining the records for the extended periods cannot outweigh the retention value of those records in proving recidivism and protecting defendants against false allegations.

The more significant amendments to rule 2.510 (Foreign Attorneys) include the following. The amendment to subdivision (a) (Eligibility) allows the court to waive the pro hac vice filing fee in pro bono cases in which the foreign attorney's client may not be technically "indigent," where good cause is shown. According to the committee report, the trial judge would have discretion to determine what constitutes a "pro bono" client and what constitutes "good cause" for purposes of the rule. Subdivision (b)(1) is amended to provide that a certificate of good standing from the foreign attorney's home jurisdiction is not required. The amendment to subdivision (b)(3) clarifies the requirements regarding disclosure of all disciplinary, suspension, disbarment, or contempt proceedings that have been initiated against the attorney in the preceding five years. This subdivision

corresponds to amendments to item 5 of the verified motion for admission to appear pro hac vice form, which now requires the movant to certify as to any disciplinary, suspension, disbarment, or contempt proceedings initiated against the movant. Paragraphs 6, 7, and 8 of the form are deleted because their substance is now part of paragraph 5 and the form is renumbered.

## CONCLUSION

Accordingly, we amend the Florida Rules of Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2015, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Florida Rules of Judicial Administration

Murray Bruce Silverstein, Chair, Rules of Judicial Administration Committee, Greenberg Traurig, P.A., Tampa, Florida, Judge Jon Berkley Morgan, Past Chair, Rules of Judicial Administration Committee, Kissimmee, Florida, John F. Harkness, Jr., Executive Director, and Krys Godwin, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

Fredric W. Baggett and Mary Hope Keating of Greenberg Traurig, P.A., Tallahassee, Florida, on behalf of Florida Association of Court Clerks, Inc., Judge Cheryl Kendrick Thomas, Chair, Judicial Branch Records Management Committee, and Joseph E. Smith, President, Florida Court Clerks & Comptrollers, Fort Pierce, Florida,

Responding with comments

**APPENDIX**

**RULE 2.430.**          **RETENTION OF COURT RECORDS**

   **(a) – (b)**      **[No Change]**

   **(c)**      **Records Not Permanently Recorded.** No court records under this subdivision shall be destroyed or disposed of until the final order, final docket entry, or final judgment is permanently recorded for, or recorded in, the public records. The time periods shall not apply to any action in which the court orders the court records to be kept until the court orders otherwise. When an order is entered to that effect, the progress docket and the court file shall be marked by the clerk with a legend showing that the court records are not to be destroyed or disposed of without a further order of court. Any person may apply for an order suspending or prohibiting destruction or disposition of court records in any proceeding. Court records, except exhibits, that are not permanently recorded may be destroyed or disposed of by the clerk after a judgment has become final in accordance with the following schedule:

      (1)      For trial courts

         (A)      60 days — Parking tickets and noncriminal traffic infractions after required audits have been completed.

         (B)      2 years — Proceedings under the Small Claims Rules, Medical Mediation Proceedings.

         (C)      5 years — ~~Misdemeanor actions, criminal traffic violations,~~ <u>Noncriminal</u> ordinance violations, civil litigation proceedings in county court other than those under the Small Claims Rules, and civil proceedings in circuit court except marriage dissolutions and adoptions.

         (D)      10 years — Probate, guardianship, and mental health proceedings.

         (E)      10 years — Felony <u>and misdemeanor</u> cases in which no information or indictment was filed or in which all charges were dismissed, or in which the state announced a nolle prosequi, or in which the defendant was adjudicated not guilty.

(F)     75 years — Juvenile proceedings containing an order permanently depriving a parent of custody of a child, and adoptions, and all felony and misdemeanor cases not previously destroyed.

(G)     Juvenile proceedings not otherwise provided for in this subdivision shall be kept for 5 years after the last entry or until the child reaches the age of majority, whichever is later.

(H)     Marriage dissolutions — 10 years from the last record activity. The court may authorize destruction of court records not involving alimony, support, or custody of children 5 years from the last record activity.

(2) – (3)     [No Change]

**(d) – (k)     [No Change]**


**RULE 2.510.     FOREIGN ATTORNEYS**

**(a)     Eligibility.** Upon filing a verified motion with the court, an attorney who is an active member in good standing of the bar of another state and currently eligible to practice law in a state other than Florida may be permitted to appear in particular cases in a Florida court upon such conditions as the court may deem appropriate, provided that a member of The Florida Bar in good standing is associated as an attorney of record. The foreign attorney must make application in each court in which a case is filed even if a lower tribunal granted a motion to appear in the same case. In determining whether to permit a foreign attorney to appear pursuant to this rule, the court may consider, among other things, information provided under subdivision (b)(3) concerning discipline in other jurisdictions. No attorney is authorized to appear pursuant to this rule if the attorney (1) is a Florida resident, unless the attorney has an application pending for admission to The Florida Bar and has not previously been denied admission to The Florida Bar; (2) is a member of The Florida Bar but is ineligible to practice law; (3) has previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation permitted pursuant to this rule provided, however, the contempt is final and has not been reversed or abated; (4) has failed to provide notice to The Florida Bar or pay the filing fee as required in subdivision (b)(7); or (5) is engaged in a "general practice" before Florida courts. For purposes of this rule, more than 3 appearances within a 365-day period in separate cases shall be presumed to be a "general practice." Appearances at different levels of the court system in the same case shall be deemed 1 appearance

for the purposes of determining whether a foreign attorney has made more than 3 appearances within a 365-day period. In cases involving indigent or pro bono clients, the court may waive the filing fee for good cause shown.

(b) **Contents of Verified Motion.** A form verified motion accompanies this rule and shall be utilized by the foreign attorney. The verified motion required by subdivision (a) shall include:

(1) a statement identifying all jurisdictions in which the attorney is an active member in good standing and currently eligible to practice law, including all assigned bar numbers and attorney numbers, for which a certificate of good standing is not required;

(2) [No Change]

(3) a statement identifying all jurisdictions in which disciplinary, suspension, disbarment, or contempt proceedings have been initiated against the attorney has been disciplined in any manner in the preceding 5 years and the sanction imposed, or in which the attorney has pending any disciplinary proceeding, including the date of the disciplinary action and on which the proceeding was initiated, the nature of the alleged violation, and the result of the proceeding including the sanction, if any, imposed;

(4) – (6) [No Change]

(7) a certificate indicating service of the verified motion upon all counsel of record in the matter in which leave to appear pro hac vice is sought and upon The Florida Bar at its Tallahassee office accompanied by a nonrefundable $250.00 filing fee made payable to The Florida Bar or notice ofthat the movant has requested a judicial waiver of thesaid fee; and

(8) [No Change]

IN THE _____ COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____, COUNTY, FLORIDA


_____
    Plaintiff

vs.                                          Case No._____

_____                 Division _____
    Defendant


**VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE
PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510**

Comes now_____,
Movant herein, and respectfully represents the following:

    1.    [ ] Movant resides in _____, _____
                         (City)              (State)

Movant is not a resident of the State of Florida.

    [ ] Movant is a resident of the State of Florida and has an application
pending for admission to The Florida Bar and has not previously been denied
admission to The Florida Bar.

    2.    Movant is an attorney and a member of the law firm of (or practices
law under the name of) _____, with offices at
_____, _____,
(Street Address)      (City)
_____, _____,_____, _____
    (County)         (State)      (Zip Code)    (Telephone)

    3.    Movant has been retained personally or as a member of the above
named law firm on _____by _____
    (Date Representation Commenced)    (Name of Party or Parties)
_____
to provide legal representation in connection with the above-styled matter now
pending before the above-named court of the State of Florida.

4.      Movant is an active member in good standing and currently eligible to practice law in the following jurisdiction(s): Include attorney or bar number(s). (Attach an additional sheet if necessary.)

JURISDICTION                                    ATTORNEY/BAR NUMBER

_____

_____

_____

_____

_____

5.      There ~~are~~have been no disciplinary, suspension, disbarment, or contempt proceedings ~~pending~~initiated against Movant in the preceding 5 years, except as provided below (give jurisdiction of ~~disciplinary action, date of disciplinary action~~proceeding, date upon which proceeding was initiated, nature of ~~the~~alleged violation, statement of whether the proceeding has concluded or is still pending, and ~~the~~ sanction, if any, imposed): (Attach an additional sheet if necessary.)

_____

_____

_____

_____

_____

6.      ~~Within the past five (5) years, Movant has not been subject to any disciplinary proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed): (Attach an additional sheet if necessary.)~~

~~_____~~

~~_____~~

~~_____~~

~~_____~~

~~_____~~

~~_____~~

~~_____~~

7.      ~~Movant has never been subject to any suspension proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed): (Attach an additional sheet if necessary.)~~

_____
_____
_____
_____
_____
_____
_____
_____

~~8.     Movant has never been subject to any disbarment proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):~~
~~(Attach an additional sheet if necessary.)~~

_____
_____
_____
_____
_____
_____
_____

~~9.~~     Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

~~10~~7.   Movant is not an inactive member of The Florida Bar.

~~11~~8.   Movant is not now a member of The Florida Bar.

~~12~~9.   Movant is not a suspended member of The Florida Bar.

~~13~~10. Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation from The Florida Bar.

~~14~~11. Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510, except as provided below (give date of disciplinary action or contempt, reasons therefor, and court imposing contempt): (Attach an additional sheet if necessary.)

_____
_____
_____
_____
_____

15 12. Movant has filed motion(s) to appear as counsel in Florida state courts during the past five (5) years in the following matters: (Attach an additional sheet if necessary.)

Date of Motion  Case Name  Case Number  Court  Date Motion Granted/Denied

_____

_____

_____

_____

_____

16 13. Local counsel of record associated with Movant in this matter is _____ who is an active member in good standing of The Florida Bar
(Name and Florida Bar Number)
and has offices at _____, _____, _____,
                  (Street Address)         (City)         (County)
_____, _____ _____.
     (State)          (Zip Code)      (Telephone with area code)

(If local counsel is not an active member of The Florida Bar in good standing, please provide information as to local counsel's membership status._____)

17 14. Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

18 15. Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this court for this cause only.

DATED this _____ day of _____, 20____.

_____
Movant

_____
Address

_____

- 13 -

Address

_____
City, State, Zip Code

_____
Telephone Number

_____
E-mail Address

STATE OF _____

COUNTY OF _____

    I, _____, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

_____
Movant

    I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of Judicial Administration 2.510.

    DATED this _____ day of _____, 20____.

_____
Local Counsel of Record

_____
Address

_____
Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Florida Bar Number

_____
E-mail Address

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served ~~on (insert the name or names and addresses used for service) by (e-mail) (delivery) (~~by mail~~) (fax)~~ to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2333 accompanied by payment of the $250.00 filing fee made payable to The Florida Bar, or notice that the movant has requested a judicial waiver of said fee; and by (e-mail) (delivery) (mail) (fax) to (name of attorney or party if not represented)

_____
_____

~~Name and Address of All Counsel of Record and of Parties Not Represented by Counsel~~ this _____ day of _____, 20____.

_____
Movant