ON MOTION FOR REHEARING OR CLARIFICATION
POLEN, Judge.
Petitioner was a dependent child under the supervision of the circuit court from October 1981 through October 1989. In April 1989 Judge Arthur Birken ordered the social section of his file be sealed. Petitioner filed a federal civil rights lawsuit against the Florida Department of Health and Rehabilitative Services, and requested that Judge Birken release the contents of his file to him- The request was refused. Petitioner seeks mandamus to compel the circuit judge to unseal the social file and turn over the information to him.
On May 1, 1990, this court issued an order denying petitioner’s emergency petition for writ of mandamus. We are still of the view that a petition for writ of mandamus should be denied, but petitioner’s alternative request for clarification, particularly in light of the fact that petitioner is acting as attorney pro se, and for aught we know, may still be a minor child, has some merit.
One of the primary grounds asserted by respondent, in the original reply to our order to show cause, was that petitioner’s petition was untimely. Even if petitioner is correct in his assertion that mandamus would lie at any time, a point which we do not concede, it is more important to note that our denial was based, at least in part, on our finding that the matter before the court could hardly be determined to be a “clerical or ministerial task” to be per *909 formed by the respondent — the trial judge below. The very dispute which is presented here, over the interpretation, inter alia, of section 39.411(3), Florida Statutes (1987), clearly demonstrates that the questions of whether to allow petitioner to review the “official records” in the juvenile proceedings, and further, what constitutes the “official records,” place this outside the realm of a clerical or ministerial task.
However, we are now convinced that respondent trial judge and his counsel, in their response to our most recent order to show cause, are incorrect in their interpretation of section 39.411(3). As is contained in the respondent’s response filed June 20, 1990, the statutory provision which would apply to petitioner’s case, being a dependency case, section 39.411(3) provides:
All records shall be inspected only upon order of the court by persons deemed by the court to have a proper interest therein, except that, subject to the provisions of section 63.162, a child and the parents or legal custodians of the child and their attorneys, law enforcement agencies, and the department and its designees shall always have the right to inspect and copy any official record pertaining to the child.
(Emphasis contained in respondent’s response.)
The above quoted statutory provision is clear and unambiguous. Since the present action does not implicate a section 63.162 restriction, we are of the view that petitioner has a clear right to inspection of the official record.
We next turn our attention to the state’s response on behalf of respondent, that the provisions of chapter 39.411(3) are discretionary with the trial court, and that the trial court might properly deny access by the child to his “official record” if the trial court perceived it detrimental to the child’s best interests. In regard to this argument, we find that the state’s position is incorrect in asserting that the statutory language is discretionary. “Shall” does not mean “may.” Even if in some cases, the revelation of the contents of psychiatric or psychological reports might be potentially damaging to an immature child, this is hardly the case here. Regardless of the merits, or lack thereof, of petitioner’s pro se action against the Department of Health and Rehabilitative Services in federal court, and without being able to ascertain from the record now before us whether or not petitioner is still a minor, we are persuaded by petitioner’s pleadings and correspondence that he is at least an intelligent, articulate young man. As noted in petitioner’s reply to respondent’s response, by taking on the heavy mantle of acting as his own attorney, and without regard to the wisdom of such an action, petitioner has waived and thrown down any claim that he might later assert of being damaged by revelation of his own psychiatric and social reports. In short, he is mature enough and articulate enough to persuade this court to reevaluate a petition seldom granted, and here summarily denied. We trust he will be able to “handle” the disclosure of his own juvenile records on remand.
Lastly, we turn to the question of what constitutes “the official records.” While section 39.411(2) provides
[t]he Court shall make official records, consisting of all petitions and orders filed in a case arising pursuant to this part and any other pleadings, certificates, proofs of publications, summonses, warrants, and other writs which may be filed therein[,]
we do not believe that this provision automatically excludes inclusion of the “social section” of a juvenile file. As in all matters that come before an appellate court, we must also consider the “official record.” Such a record must include not only the pleadings that are pertinent to the issue on appeal, but in every instance, a transcript of the court proceedings, depositions, exhibits, or other forms of evidence, considered by the finder of fact in reaching the determination being appealed. In that juvenile proceedings under chapter 39 are conducted by the court without a jury, the finder of fact in this instance would be the respondent, Judge Birken. If Judge Birken did not consider any reports of the De *910 partment of Health and Rehabilitative Services, other social agencies, psychiatrists, psychologists, or the like, in reaching his determinations, then such documents would not be considered “in evidence” and would similarly be outside the “official record.” However, this appears not to be the case. The converse proposition is that any documents including social reports, psychological or psychiatric reports, that were in fact considered by the trial judge, in whole or in part, in reaching the court’s determination, we now hold are part of the “official record.”
In that we have previously determined that mandamus does not lie to review these proceedings, we adhere to our previous denial of the petition for writ of mandamus. However, this denial is without prejudice, and with leave for petitioner to file an appropriate pleading (which we deem can be filed at any time, regardless of the outcome of any previously filed similar pleadings) and that the trial court thereafter entertain proceedings on such a petition consistent with the views expressed in this opinion.
DELL and WALDEN, JJ., concur.