PER CURIAM.
The trial court in the instant case, after considering the parents’ and guardians ad litem’s concurrence in a motion for the media to have full access to the instant proceedings, ordered an existing order of confidentiality lifted, thereby granting full access to the proceedings and records. The Department of Health and Rehabilitative Services, pursuant to Florida Rule of Appellate Procedure 9.100, applied for certio-rari and we issued an order to show cause.
No reason has been advanced and we cannot find one that prohibits a guardian ad litem from waiving the benefit of sections 39.411(3) and (4), Florida Statutes (1991) of confidentiality on behalf of the minors. Consequently, we conclude that the circuit court was acting within its discretionary powers when it determined that disclosure of the full record would best correct any speculation, rumor, or innuendo circulating about the instant family and that disclosure was in the best interest of the dependent children. See In re Adoption of H.Y.T., 458 So.2d 1127 (Fla.1984); Investigation: Florida Statute 27.04, Subpoena of Roche v. State, 589 So.2d 978 (Fla. 4th DCA 1991), review denied, 599 So.2d 1279 (Fla.1992); C.E.B. v. Birken, 566 So.2d 907 (Fla. 4th DCA 1990). We find no abuse of discretion or deviation from the essential requirements of law, see Combs v. State, 436 So.2d 93, 95-96 (Fla.1983); Wright v. Sterling Drugs, Inc., 287 So.2d 376 (Fla. 2d DCA 1973), cert. denied, 296 So.2d 51 (Fla.1974).
*12 The writ of certiorari is discharged and the application dismissed.