SALTER, J.
D.C., the mother of five minor children,[1] seeks a writ of certiorari quashing a “Partial Order on Foster Parents’ Motion to Intervene” entered by the circuit court. The foster parents’ motion alleged that they had “direct and immediate interests” in the dependency cases relating to J.K. and D.D., and that they had a right to intervene and become parties rather than remain mere “participants” as defined by section 39.01(50), Florida Statutes (2013).
The trial court granted the foster parents’ motion in part, ordering that the foster parents be provided the “unfettered right to view, copy or otherwise access all Court files in this matter,” and extending that right to the foster parents’ attorneys as well. The mother, joined by the Guardian Ad Litem Program (as to all five minor children) and by an attorney ad litem for one of the half-siblings (G.R.),[2] alleges that the order violates the privacy rights of the petitioning mother, the father, and three half-siblings, thus departing from the essential requirements of law, causing irreparable injury, and leaving no adequate remedy on appeal.[3] We agree.

Analysis

Section 39.01(50) expressly includes foster parents as “participants” in a dependency proceeding such as this, affording them rights to receive notice of hearings involving children in their care and allowing the court to permit them “to be heard without the necessity of filing a motion to intervene.” Chapter 39 does not, however, authorize the foster parents to receive every record in a confidential, pending dependency case court file that may relate, for example, to the natural parents, or to siblings that are in other *1082 placements and are not in the care of the foster parents. The order in this case did not exclude any such records, thus jeopardizing the constitutional (Art. I, § 23, Fla. Const.) and statutory (§ 39.0132(3), Fla. Stat. (2013)) rights of the natural parents and siblings to privacy and confidentiality.
The foster parents rely on an alleged right to intervene in the circuit court dependency case based on I.B. v. Department of Children & Families, 876 So.2d 581 (Fla. 5th DCA 2004). But in that case, foster parents sought intervention relating to the adoption of the child in their care (for the past sixteen months); the rights of the natural parents had been terminated in a prior and separate proceeding, and no siblings were involved. The trial court denied intervention, and the district court reversed, remanding the case to the trial court to conduct a hearing to determine whether the change in placement (from the foster parents while the petition for adoption was pending) was in the child’s best interests.
I.B. is readily distinguishable from the case at hand. In the present case, the parental rights of the natural mother have not been terminated. The foster parents have access to the foster children’s case records as maintained by the case management agency that has contracted with the foster parents,[4] but such rights do not extend to the entire family’s dependency court records.
We thus conclude that the challenged order departs from essential constitutional and statutory requirements of law; that the petitioning mother, the father, and the siblings of J.K. and D.D. will be irreparably injured if the order stands; and that they have no adequate remedy at law. Accordingly, we grant the writ and quash the “Partial Order on Foster Parents’ Motion to Intervene” entered by the circuit court on November 13, 2013.[5]
Petition granted.

. The five children are J.K. and D.D. (the minors in the two dependency cases involved here, and as to whom the petitioners have served as foster parents for several years), and their siblings (though by another father) also involved in dependency cases, G.R., J.D., and J.R.

. The Department of Children and Families has represented that it has no position supporting or opposing the mother’s petition and challenged order. The Department took the same non-position in the trial court.

. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987).

. § 39.00145(2)(d), Fla. Stat. (2013).

. The Court acknowledges the pro bono legal assistance provided by the attorney ad litem for one of the siblings (respondent G.R.), Angela C. Vigil, and her law firm, Baker & McKenzie LLP.