PER CURIAM.
R.L. and J.M. (the “former foster parents”) appeal an order denying their motion to intervene in proceedings regarding C.M., a minor child. We affirm.
After the Department of Children and Families (“DCF”) petitioned to terminate the mother’s parental rights, she elected to allow her cousin, W.G. (“the prospective mother”) to seek to adopt C.M. The trial court found the prospective mother qualified to adopt, and ordered C.M.’s placement changed from the former foster parents to her. The trial court also found that the child’s placement with the prospective mother was the least restrictive and most appropriate family-like placement available consistent with the best interests and needs of the child. Subsequently, the former foster parents moved to intervene and to set aside the placement change. They asserted their desire to adopt C.M. and her two half-siblings. The trial court denied the former foster parents’ motion to intervene, and this appeal followed.
C.M.’s mother, whose parental rights were still intact, consented to C.M.’s placement with an adoption entity. That consent was “valid, binding, and enforceable ....” § 6S.082(6)(a), Fla. Stat. (2014). When the trial court found, as it did here, that the prospective mother was qualified to adopt and that C.M.’s placement with her was in the child’s best interest, the court was required to “immediately order the transfer of custody” of the child to the prospective mother. § 63.082(6)(d), Fla. Stat. (2014). The mother’s choice of placement with a prospective parent when her parental rights were still intact was an exclusively parental decision. The decision was subject only to the trial court determining that the prospective parent was properly qualified and that the adoption was in C.M.’s best interests. § 63.082(6)(d), Fla. Stat. (2014); In re S.N.W., 912 So.2d 368, 373 n. 4 (Fla. 2d DCA 2005) (noting § 63.082(6)(d) is “explicit recognition of the parents’ constitutional right to the care, custody, and control of their children” (citing In re C.W.W., 788 So.2d 1020, 1023 (Fla. 2d DCA 2001))).
The instant case is distinguishable from I.B. v. Department of Children & Families, 876 So.2d 581 (Fla. 5th DCA 2004). In I.B., this Court held that a foster family had standing to intervene when they had a pending petition to adopt, they alleged an agreement with DCF to adopt the child in question, and the lower court ordered placement of the child elsewhere without considering the child’s best interest. Id. at 582-83, 587-88. This Court further observed that the grant of a foster parent license “specifically for [that] child” may have caused the foster family to “develop[ ] a stronger than normal bond with the child.” Id. at 587. In the instant ease, there is no allegation of an agreement to adopt C.M. or a foster license issued specifically for C.M., and the former foster parents did not have a pending adoption petition. The former foster parents point to no other basis for a “stronger than normal bond with” C.M. Further, unlike I.B., the trial court held a hearing on, and made findings regarding, C.M.’s best interests. Therefore, we find I.B. inapposite. See R.H. v. Dep’t of Children & Families, 988 So.2d 673, 677 (Fla. 4th DCA 2008) (noting I.B. merely required evidentiary *1056 hearing on best interests of child under facts and circumstances of each case); see also D.C. v. J.M., 133 So.3d 1080, 1081-82 (Fla. 3d DCA 2014) (quashing order allowing foster parents to intervene).
For these reasons, we affirm the trial court’s order.
AFFIRMED.
ORFINGER, WALLIS and LAMBERT, JJ., concur.