# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1421
Lower Tribunal No. 14-15806
_____

**C.H.-C., et al.,**
Petitioners,

vs.

**Miami Herald Publishing Co., et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Jason E. Dimitris, Judge.

Law Office of Richard F. Joyce, P.A., and Richard F. Joyce, for petitioners.

Leslie Hinds, for respondent Department of Children and Families; Akerman LLP, and Kristen M. Fiore (Tallahassee), for respondent Guardian ad Litem Program; Akerman LLP, and Cindy A. Laquidara (Jacksonville), for respondent Guardian ad Litem Program; Thomasina Moore, Statewide Director of Appeals, and Laura J. Lee (Tallahassee), for respondent Guardian ad Litem Program; Holland & Knight LLP, and Sanford L. Bohrer and Scott D. Ponce, for respondent Miami Herald Media Company and Carol Marbin Miller; Akerman LLP, and Scott D. Lawrence (Dallas, TX), for respondent Guardian ad Litem Program.

Before ROTHENBERG, C.J., and SUAREZ and SCALES, JJ.

SUAREZ, J.

The minor children, C.H.-C., L.H.-C., B.H.-C., T.H.-C., and M.H.-C., by and through their court-appointed Attorney ad Litem, petition for writ of certiorari seeking to quash the order of the trial court granting the Miami Herald access to a redacted transcript of a judicial review hearing. We conclude that the Herald has met the statutory requirement of demonstrating to the trial court that it has a proper interest in reviewing the dependency hearing transcript or recording. Therefore, we deny the petition.[1]

The children were the subject of a January 17, 2018 judicial review hearing held pursuant to section 39.701, Florida Statutes (2018). The Miami Herald, via its reporter Carol Marbin Miller (also named as a Respondent), was not present at that hearing. The Herald sought to intervene and for access to either a transcript or the audio recording of the hearing. After examining the hearing transcript in camera, hearing arguments from all involved counsel regarding production of the transcript or the recording, and reviewing counsels' proposed redactions, the trial court granted the Herald's request for a copy of the judicial review hearing transcript

---

[1] The Herald's standing to intervene is not at issue. See Barron v. Fla. Freedom Newspapers, Inc., 531 So. 2d 113 (Fla. 1988); Miami Herald Pub. Co. v. Lewis, 426 So. 2d 1 (Fla. 1982).

with only the children's names redacted.  The children sought this writ of certiorari to quash that order.

ANALYSIS

We first note that Chapter 39 hearings, including the one in question, are presumptively open to the public.  § 39.507(2), Fla. Stat. (2018).  Court records required by Chapter 39, including dependency hearing transcripts or recordings, however, shall not be open to inspection by the public unless the court allows "persons deemed by the court to have a proper interest therein" to inspect those records.[2]  § 39.0132(3), Fla. Stat. (2018).  Further, "except as otherwise provided, nothing in this section prohibits the publication of the proceedings in a hearing."  § 39.507(3), Fla. Stat. (2018).[3]  Therefore, the issue presented in this petition is whether the trial court abused its discretion by finding that the Herald was an entity with a proper interest in the transcript or recording.

---

[2]  A literal reading of the statutory provisions means that a member of the public is permitted to attend a Chapter 39 hearing and listen to, observe all that goes on, take verbatim notes, and communicate the contents of the hearing to any third person, but is not permitted to read the transcript or listen to a recording of the hearing once it has concluded unless deemed by the court to be a person with a proper interest in the proceedings.

[3]  In general, "there is a well-established common law right of access to court proceedings and records," either civil or criminal.  Barron, 531 So. 2d at 116.  The general right of access has been limited by statute in the case of certain juvenile proceedings, where it comes into conflict with privacy rights of the children at issue, e.g., adoptions and termination of parental rights hearings.

The Herald gave two reasons for its interest in the transcript of the judicial review hearing. First, the Herald asserted that its interest arose out of its coverage of an unrelated case involving a deceased sibling, E.C., who was allegedly murdered by the children's mother. The remaining children's review hearing was not, however, related to that criminal case. Second, the Herald based its interest in this judicial review hearing on its role as surrogate for the public in reporting the performance of the Department of Children and Families, the courts, and private agencies, all of which are tasked with the care and protection of our children. The Petitioners opposed releasing the redacted transcript to the Herald, citing their privacy interest in maintaining the confidentiality of the hearing transcript. The Petitioners asserted that release of information in the redacted transcripts will irreparably harm the children by subjecting them to more scrutiny, material injury that cannot be remedied on appeal.

In this case, the trial court properly examined the hearing transcript in camera, heard the parties' arguments, and reviewed the parties' proposed redactions to the transcript. In its lengthy and detailed order, the trial court acknowledged that Chapter 39 hearings are presumptively open to the public while written transcripts and audio recordings of those hearings are ostensibly confidential. See, e.g., Fla. R. Jud. Admin. 2.420(b)(l)(A) (defining court records) and 2.420(d)(l)(B)(i) (including Chapter 39 records among the information that

4

must be designated and maintained as confidential when contained within a court record); § 39.0132(3)-(4), Fla. Stat. (2018). The court determined that 1) the Herald and its reporter had standing to seek access to the dependency hearing transcript; 2) the parties did not identify any facts mentioned or discussed during the hearing which, if disclosed as a result of granting the Herald access to the transcript, would result in irreparable harm to the Petitioners; and 3) the Herald and its reporter met the statutory requirement of "persons deemed by the court to have a proper interest therein." [4]  All that was requested by the Herald, and all that was granted by the trial court, is a copy of either the transcript or recording of the hearing. The court properly did not give the Respondents an "*unfettered* right to view, copy or otherwise access all court files in this matter." See <u>D.C. v. J.M.</u>, 133 So. 3d 1080, 1081 (Fla. 3d DCA 2014) (emphasis added).

Section 39.0132(3) gives the trial court the discretion to deem the Respondents to have a proper interest in the requested transcript. The trial court did not depart from the essential requirements of the law in so concluding.

---

[4] The trial court's order provides, with respect to the Respondents' role as a surrogate for the public,

> There is a public interest in having an adequate basis for evaluating the performance of the Department of Children and Families and the courts in carrying out their responsibilities relating to the protection of our children. It is the press that can provide critical information to enable the community to gain a greater understanding of the causes and contributing factors of deaths resulting from child abuse or neglect.

5

Further, the Petitioners have not identified any confidential information or fact contained in the hearing transcript that would cause irreparable harm to the Petitioners as a result of granting the Herald access to the redacted hearing transcript. Finding neither a departure from the essential requirements of law, nor irreparable harm, we deny the petition for certiorari.

Petition denied.

**ANY POST-OPINION MOTION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE POST-OPINION MOTION MAY BE FILED WITHIN FIVE DAYS THEREAFTER.**