# Third District Court of Appeal
## State of Florida

Opinion filed October 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-801
Lower Tribunal No. 20-5150
_____

**Statewide Guardian ad Litem, et al.,**
Petitioners,

vs.

**Amaury Alberto, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Denise Martinez-Scanziani, Judge.

GrayRobinson, P.A., and Thomasina F. Moore (Tampa), for petitioner Statewide Guardian ad Litem; Stephanie C. Zimmerman, Deputy Director & Statewide Director of Appeals (Bradenton), for petitioner Department of Children and Families.

Susan Meisel Levin, P.A., and Susan Meisel Levin; Alan I. Mishael, P.A., and Alan I. Mishael, for respondents Amaury Alberto and Yanira Cardenas.

Before EMAS, HENDON and BOKOR, JJ.

EMAS, J.

**INTRODUCTION**

The Florida Statewide Guardian ad Litem ("GAL") and the Department of Children and Families ("DCF")[1] petition this court for a writ of certiorari quashing several nonfinal orders compelling the production of certain confidential records in a prior dependency case. We grant the amended petition and quash the orders to the extent those orders, in the absence of an in camera inspection and determination of necessity, overruled objections based on statutory confidentiality under chapter 39 and compelled the production of confidential reports, records or documents.

**FACTS AND BACKGROUND**

Amaury Alberto and Yanira Cardenas ("the Former Parents") were the adoptive parents of four minor children. In late 2018, the minor children were removed from the custody of the Former Parents and a dependency petition was filed. Soon thereafter, DCF filed a petition for termination of parental rights, and the Former Parents executed affidavits surrendering their parental rights to the minor children. On February 6, 2019, following a hearing, the trial court entered a final judgment terminating the Former Parents' parental rights to the four minor children.

---

[1] After the Statewide Guardian ad Litem filed this petition, the Department of Children and Families filed a notice of joinder in GAL's amended petition and to realign itself as a petitioner in this proceeding. See Fla. R. App. P. 9.360(a)

More than a year later, the Former Parents filed, in the civil division of the circuit court, a petition under Florida Rule of Civil Procedure 1.540(b), seeking to set aside the final judgment terminating their parental rights. GAL and DCF moved to dismiss the Former Parents' petition, asserting inter alia that the Former Parents had no standing to bring the action and that the trial court was without jurisdiction to adjudicate the petition. The motion to dismiss was denied.

The Former Parents then served a request for production, seeking twelve categories of documents which the Former Parents contend were related to the issues raised in their 1.540(b) petition. Contemporaneous with the request for production, the Former Parents sought entry of a "Combined HIPAA Protective Order and a Chapter 39 Confidentiality Order Governing Discovery," which the Former Parents contended was "an effort to proactively anticipate and expedite resolution of blanket objections" to the request for production.

The attorneys ad litem for the minor children objected to the production of the requested documents, asserting Former Parents had no standing[2] and

---

[2] In disposing of the claim raised in this petition, we decline at this point to reach the standing issue. But see Stefanos v. Rivera-Berrios, 673 So. 2d 12, 13 (Fla. 1996) (noting that "an order of termination of parental rights permanently deprives the parents or legal guardian of any right to the child. § 39.469(2)(b), Fla. Stat. (1991). Any rights the natural parent may have had to the child are permanently forfeited and cannot be reopened by means

that the items requested were privileged confidential documents under chapter 39, Florida Statutes, as well as State and Federal HIPAA provisions. Subject to those objections, the minor children addressed each of the twelve individual requests for production, indicating they had no objection to the Former Parents having access to records that are "available as a matter of public record to all parties in the termination of parental rights cause of action prior to the entry of the Final Judgment." The minor children objected to the Former Parents receiving or having any access to documents or records that "encompass[] any information post termination of parental rights consent and surrender," asserting they are protected as confidential and/or work product. GAL and DCF also objected to the production of the sought-after documents, raising similar standing and confidentiality arguments.

The trial court issued three separate orders relative to the Former Parents' request for production: (1) overruling any general or blanket objection to the production of records based on chapter 39 confidentiality or HIPAA, and directing that any confidential records being produced shall be maintained as confidential by the parties; (2) ordering the production of

_____

other than a proper appeal" and further noting that "[d]espite the permanency of a termination order, a parent whose parental rights have been terminated is not precluded from establishing new rights to his or her child through independent adoption proceedings.")

4

certain confidential records and reserving ruling on others; and (3) ordering the production of certain confidential records while sustaining objections to the production of other confidential records. The trial court did not conduct an in camera inspection, nor make any finding of necessity, before overruling objections and compelling the production of certain purportedly confidential records. Instead, it concluded that the production of the records pursuant to these orders would "promote judicial economy and simultaneously ensure protection of all parties."

The instant amended petition for writ of certiorari followed.

## ANALYSIS AND DISCUSSION

All records held by DCF "concerning reports of child abandonment, abuse, or neglect, . . . and all records generated as a result of such reports, shall be kept confidential and exempt from the provisions of s. 119.07(1) and shall not be disclosed except as specifically authorized by" chapter 39, Florida Statutes. § 39.02(1), Fla. Stat. (2021). Dependency court records are included by the legislature in the narrow category of court records where public access is proscribed or substantially restricted because records in this category involve "specific privacy or government interests that clearly outweigh the public's right to know." In re Amends. to Fla. R. of Jud. Admin. 2.420, 954 So. 2d 16, 20-21 (Fla. 2007); see also Natural Parents of J.B. v. Fla. Dep't of Children & Family Servs., 780 So. 2d 6, 9 (Fla. 2001) (upholding

5

constitutionality of statute mandating closure of termination of parental rights hearings, explaining "it is in the best interest of the child to protect the child from publicity in certain proceedings and that this protection outweighs the public's right to access. We do not agree. . . that in TPR proceedings a presumption of openness is constitutionally required.   A presumption that juvenile proceedings be closed to the public is consistent with the history and tradition of the juvenile justice system and furthers the sound and practical purposes of that system.")

The confidentiality of the records at issue in such cases must be maintained at all times unless exempt from disclosure as set forth by law.[3]

---

[3] For example, section 39.0132(3) and (4), Florida Statutes (2021) provide:

> (3) The clerk shall keep all court records required by this chapter separate from other records of the circuit court. All court records required by this chapter shall not be open to inspection by the public. All records shall be inspected only upon order of the court by persons deemed by the court to have a proper interest therein, except that, subject to the provisions of s. 63.162, a child and the parents of the child and their attorneys, the guardian ad litem, criminal conflict and civil regional counsels, law enforcement agencies, and the department and its designees shall always have the right to inspect and copy any official record pertaining to the child. The Justice Administrative Commission may inspect court dockets required by this chapter as necessary to audit compensation of court-appointed attorneys. If the docket is insufficient for purposes of the audit, the commission may petition the court for additional documentation as necessary and appropriate. The court may permit authorized representatives of recognized organizations compiling statistics for proper purposes to inspect and make abstracts from official records,

There are some limited statutory exceptions to the nondisclosure of, and non-access to, these confidential records. For example, chapter 39 allows

under whatever conditions upon their use and disposition the court may deem proper, and may punish by contempt proceedings any violation of those conditions.

(4)(a) 1. All information obtained pursuant to this part in the discharge of official duty by any judge, employee of the court, authorized agent of the department, correctional probation officer, or law enforcement agent is confidential and exempt from s. 119.07(1) and may not be disclosed to anyone other than the authorized personnel of the court, the department and its designees, correctional probation officers, law enforcement agents, the guardian ad litem, criminal conflict and civil regional counsels, and others entitled under this chapter to receive that information, except upon order of the court.

2. a. The following information held by a guardian ad litem is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution:

(I) Medical, mental health, substance abuse, child care, education, law enforcement, court, social services, and financial records.
(II) Any other information maintained by a guardian ad litem which is identified as confidential information under this chapter.

b. Such confidential and exempt information may not be disclosed to anyone other than the authorized personnel of the court, the department and its designees, correctional probation officers, law enforcement agents, guardians ad litem, and others entitled under this chapter to receive that information, except upon order of the court.

7

for disclosure of documents to the parent of the child.[4]  In addition, a court may order disclosure of confidential records where the court finds "that access to such records may be necessary for the determination of an issue before the court." § 39.202(2)(f). However, importantly, "such access shall be limited to inspection in camera, unless the court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then pending before it."  Id.

Although it is within the trial court's discretion to determine the necessity for such access, see Dep't of Health & Rehab. Servs. v. A.N., 604 So. 2d 11 (Fla. 3d DCA 1992), a trial court in the present circumstances generally must conduct an in camera inspection in order to determine whether the party has made a proper showing to warrant granting access to such confidential records.   See In re Records of Dep't of Children & Family Servs., 873 So. 2d 506, 514 (Fla. 2d DCA 2004) (noting that, in evaluating whether there is good cause for the disclosure of confidential documents under a similar law,[5] "there can ordinarily be no 'logic and justification for the

---

[4] Note that because the parental rights of the Former Parents had been terminated at the time of this discovery request, they do not meet this exception for disclosure of the confidential records.

[5] In 2004, when this opinion was issued by our sister court, section 119.07(7)(a), Florida Statutes authorized the trial court to make public those DCF records pertaining to investigations of alleged abuse if the court determined that good cause existed for public access to the records.  This subsection has since been removed by the legislature.

result' embodied in the trial court's good cause determination if the trial court has not conducted an in camera review of the records at issue.")

Further, the burden is on the party seeking the production of such documents to establish the requisite necessity to gain access to such confidential records. See Sarasota Herald-Tribune v. Dep't of Children & Family Servs., 873 So. 2d 506, 512 (Fla. 2d DCA 2004) (holding that petitioner, as the party seeking access, shouldered the burden to establish good cause required to access DCF's confidential records under section 39.202); J.B. v. State, 250 So. 3d 829 (Fla. 3d DCA) (explaining that a patient's confidential communications or records made for the purpose of diagnosis or treatment of a mental or emotional condition are privileged under section 90.503, Florida Statutes (2017), subject to three statutory exceptions, and the burden is on the person seeking disclosure of the patient's records to demonstrate that one of those exceptions applies).

In the instant case, the trial court did not conduct an in camera inspection, nor make the requisite finding of necessity, prior to overruling objections and compelling production of certain purportedly confidential records. We hold this constitutes a departure from the essential requirements of the law, causing irreparable injury which cannot be

adequately remedied on appeal following final judgment.[6]  See e.g., D.C. v. J.M., 133 So. 3d 1080 (Fla. 3d DCA 2014) (granting certiorari relief and holding trial court's order departed from the essential requirements of law by allowing foster parents unfettered right to access court files in a dependency proceeding).

**CONCLUSION**

Accordingly, we grant the petition, issue the writ, and quash the orders to the extent those orders overruled objections based on statutory confidentiality under chapter 39 and—in the absence of an in camera inspection and appropriate showing and determination of necessity— compelled the production of confidential reports, records and documents.[7] We remand for further proceedings consistent with this opinion.

---

[6] It is beyond peradventure that this type of "cat out of the bag" disclosure satisfies the irreparable harm prong required for certiorari relief. See, e.g., Allstate Ins. Co. v. Langston, 655 So. 2d 91 (Fla. 1995); Shader v. ABS Healthcare Svcs., LLC, 337 So. 3d 1259 (Fla. 3d DCA 2022); Rousso v. Hannon, 146 So. 3d 66 (Fla. 3d DCA 2014).

[7] We express no opinion whether the Former Parents can make the appropriate showing.