DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**M.K.,** and **JAMES WALSH,**
Attorney ad Litem, on behalf of A.P., a minor child,
Appellants,

v.

**DEPARTMENT OF CHILDREN & FAMILIES, STATEWIDE GUARDIAN AD LITEM PROGRAM, ELLEN KAPLAN, ESQ.** (Adoption Entity),
**T.P.,** the Mother, and **D.C.,** the Father,
Appellees.

No. 4D2023-1044

[December 20, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Melanie Dale Surber, Judge; L.T. Case No. 502021DP000060XXXXSB.

Alan I. Mishael of Alan I. Mishael, P.A., Boca Raton, for appellant M.K.

James Walsh, Attorney ad Litem, Foster Children's Project & Juvenile Advocacy Project, Legal Aid Society of Palm Beach County, West Palm Beach, for appellant James Walsh.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Sarah Todd Weitz, Senior Attorney, Appellate Division, Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem.

Andrew Feigenbaum, Appellate Counsel, Children's Legal Services, West Palm Beach, for appellee Department of Children & Families.

Ellen Kaplan of The Law Offices of Ellen M. Kaplan, P.A., Coral Springs, for appellees Adoption Entity and Prospective Adoptive Parent.

WARNER, J.

M.K., a foster parent, and the attorney ad litem for the child A.P., appeal the denial of M.K.'s motion to recognize her standing as a party, and her motion for intervention in the proceedings involving the foster child. Those proceedings commenced as a dependency action followed by a petition to

terminate parental rights filed by the Department.  M.K. sought party status based upon her own private petition to terminate parental rights, or alternatively she sought to intervene in the section 63.082(6), Florida Statutes (2022), proceedings regarding the child's placement and best interests.  We affirm the denial of M.K.'s standing as a party in the dependency proceedings and the denial of her motion to intervene.  The Florida Rules of Juvenile Procedure which govern dependency and termination proceedings do not make M.K. a party to the dependency proceeding on the basis of her petition to terminate parental rights.  The rules also do not permit intervention in dependency proceedings.  *See K.N. v. Dep't of Child. & Fams.*, 359 So. 3d 741, 743 (Fla. 4th DCA 2023), *decision clarified on denial of reh'g*, 359 So. 3d 792 (Fla. 4th DCA 2023), *rev. granted*, No. SC23-0665, 2023 WL 5011735 (Fla. Aug. 7, 2023).

The child in this proceeding was born in November 2020, suffering from withdrawal symptoms due to the mother's drug abuse.  This prompted the Department of Children & Families to file a shelter petition and then a petition for dependency against the parents.  The trial court granted both petitions.  The Department placed the child with appellant M.K., who has been the child's foster mother since January 2021.  After the parents failed at case plan requirements and other issues, the Department, Guardian ad Litem, and the Attorney ad litem for the child filed a joint petition in April of 2022 to terminate the parents' parental rights.  The petition alleged that the child was bonded to the foster mother who was willing to adopt the child.

On the day of the father's TPR hearing, in October of 2022, the father filed a waiver of his rights to, and custody of, the child, and consented to his relative, A.S.L., adopting the child.  The mother's rights had already been terminated by constructive consent.  The father's relative, A.S.L., filed a motion to intervene as a party in the dependency case based on section 63.082, Florida Statutes (2022).  The first motion was legally insufficient, but a revised motion with the proper information was filed.  Shortly thereafter, M.K. filed a petition to terminate the parents' parental rights.

New counsel, acting as Adoption Entity petitioners, filed a motion to intervene as an Adoption Entity and party of interest under section 63.082(6), a motion to stay the TPR proceedings, and an order setting a "best interest hearing," pending termination of the father's parental rights and A.S.L.'s adoption of the child.  M.K. filed a response in opposition to the motion to stay the TPR, arguing that she had party status to object as a petitioner in her TPR petition.  Alternatively, M.K. moved the court, pursuant to  Florida Family Law Rule of Procedure 12.230, to permit her to intervene in the Adoption Entity's section 63.082(6) proceeding.

2

After a hearing, the trial court granted the Adoption Entity's motion to intervene and rejected M.K.'s claim of party status in the proceedings. The court noted, "Everything pending before the Court concerning the ongoing Chapter 39 proceeding and/or the Adoption Entity's section 63.082(6) motion to intervene therein are filed in the original Dependency Case . . . ." Because M.K. had never served her TPR petition, the court concluded that filing alone was insufficient to convey party status. The court found:

> [M.K.'s private petition to terminate rights] does not make the Foster Mother a Party to the Termination of Parental Rights Petition filed by the Department, which is the action to which the Adoption entity seeks to intervene. Thus, the Foster Mother is not a Party to the Termination of Parental Rights Petition filed by the Department, rather she is a participant as defined by Florida Law.

The court also denied intervention to M.K., concluding:

> [A]lthough the evidentiary hearing regarding modification of placement has yet to be heard, this does not change the analysis that the parent's choice of placement with a prospective parent when their parental rights are still intact is an exclusively parental decision under the law. The decision was subject only to the trial court determining that the prospective parent is properly qualified and that the adoption is in the best interests. This Court therefore must address the Adoption entity motion for change of placement pending adoption prior to any other potential adoption entities requests to intervene.[1]

From this order, M.K. brings this appeal.

---

[1] The trial court incorrectly relied on *R.L. v. W.G.*, 147 So. 3d 1054 (Fla. 5th DCA 2014), to support its conclusion that prior to termination a parent has exclusive decision-making as to placement of the child, subject only to the trial court's determination whether the prospective parent is qualified and that the adoption by that prospective parent is in the child's best interests. *See id.* at 1055. *R.L.*, however, was decided pursuant to an earlier version of the statute, section 63.082(6)(d), Florida Statutes (2014). The 2022 version applicable to this case provided that the "right of the parent to determine an appropriate placement for the child" was but one factor to be weighed by the dependency court to determine the best interests of the child. *See* § 63.082(6)(e)8., Fla. Stat. (2022).

Although the standard of review for an order denying a motion to intervene is abuse of discretion, where the issue is standing, the review is de novo. *K.N.*, 359 So. 3d at 743. Appellate review of issues involving the interpretation of statutes is also de novo. *B.Y. v. Dep't of Child. & Fams.*, 887 So. 2d 1253, 1255 (Fla. 2004).

## Foster Parent as Party

M.K. argues that she was entitled to party status in the pending dependency action by virtue of filing a TPR petition, making her a party pursuant to section 39.01(58), Florida Statutes (2022), and Florida Rule of Juvenile Procedure 8.210(a). Adoption Entity and GAL argue that M.K. did not become a party petitioner in the Department's dependency action. The statute and rules compel us to agree with Adoption Entity and GAL.

Pursuant to section 39.01(58), a "party" "means the parent or parents of the child, ***the*** *petitioner*, the department, the guardian ad litem . . . and the child." § 39.01(58) (2022) (emphasis added). Similarly, Florida Rule of Juvenile Procedure 8.210(a) provides that a "party" to a proceeding "shall include ***the*** *petitioner*, the child, the parent(s) of the child, the department, and the guardian ad litem[.]" Fla. R. Juv. P. 8.210(a) (emphasis added). Also, rule 8.210(b) defines "participant" as:

> [A]ny person who is not a party but who should receive notice of hearings involving the child. Participants include foster parents or the legal custodian of the child, identified prospective parents, actual custodians of the child, grandparents entitled to notice of an adoption proceeding as provided by law, the state attorney, and any other person whose participation may be in the best interest of the child.

Thus, the rules permit the trial court to add participants, but do not allow the trial court to add parties. Both petitions for dependency and petitions for termination of parental rights may be filed by any person "ha[ving] knowledge of the facts." *See* §§ 39.501(1); 39.802(1), Fla. Stat. (2022); Fla. R. Juv. P. 8.310(a)(1) ("A dependency petition may be filed as provided by law."); Fla. R. Juv. P. 8.500(a)(2) ("A petition for termination of parental rights may be filed at any time by . . . any person having knowledge of the facts."). The juvenile rules also contemplate that more than one termination petition may be filed. *See* Fla. R. Juv. P. 8.500(a)(2) (emphasis added) ("*Each petition* shall be titled a petition for termination of parental rights.").

4

The question presented is whether a person who files a petition for termination of parental rights is a "party" to another petition filed by a different person or agency or to the dependency proceeding arising out of the other petition. We conclude the language of the statute and rule do not contemplate that a petitioner is a party to all the proceedings arising out of another petition simply by filing her own petition. Section 39.01(58) and rule 8.210(a) define a "party" as including "*the* petitioner." The use of the definitive article defines the noun "petitioner." Because each petition filed has a different petitioner, the petitioner is a party only to proceedings arising out of her own petition.

*J.H . v. Department of Children and Families*, 279 So. 3d 316 (Fla. 4th DCA 2019), also supports the conclusion that M.K.'s petition did not give her party status in the DCF proceeding. In *J.H.*, the Department filed a petition to terminate both parents' rights to the child, and a grandmother filed her own petition to terminate the rights of one of the parents but not J.H. *Id.* at 318–19. The trial court terminated both parents' rights and rejected the grandmother's petition. *Id.* at 322.

The grandmother appealed the termination of J.H.'s parental rights. We held that the grandmother had no standing to appeal the termination, because the grandmother was not a party to the Department's petition. *Id.* at 324. We stated:

> Although section 39.802(1), Florida Statutes (2018) would allow the maternal grandmother to be a petitioner seeking to terminate parental rights, that section does not authorize her to challenge the final judgment terminating J.H.'s rights. *She was not a party to DCF's petition to terminate J.H.'s rights.*

*Id.* (emphasis added).

Additionally, and more importantly here, M.K. was not a party to the dependency proceeding. The juvenile rules made her a participant, but nothing in the rules suggests that the filing of a TPR petition would make her a party to the dependency, where she did not file a petition for dependency. *See* Fla. R. Juv. P. 8.210(b).

M.K. points out that section 63.082 was substantially amended by the Legislature in 2023, with the amendments going into effect a mere three months after the order denying M.K. party status. *See* Ch. 2023-257, § 63.082(6)(a), Laws of Fla. (2023). The statute now directs the trial court to grant party status to a foster parent "who is a prospective adoptive placement for the limited purpose of filing motions and presenting

evidence pursuant to this subsection." § 63.082(6)(e), Fla. Stat. (2023). That statute went into effect on July 1, 2023. In addition to creating party status for the foster parent who is a prospective adoptive placement, the Legislature determined that "the right of a parent to determine an appropriate placement for a child who has been found dependent is not absolute and must be weighed against other factors that take the child's safety, well-being, and best interests into account." § 63.082(6)(a)3., Fla. Stat. (2023). To that end, the statute creates a rebuttable presumption that the child's placement with the current caregiver is stable, and it is in the child's best interests to remain in that current stable placement when "the child has been in his or her current placement at least 9 continuous months or 15 of the last 24 months immediately preceding the filing of the motion to intervene [by the adoption entity.]" § 63.082(6)(e), Fla. Stat. (2023). The statute creates substantive rights, and therefore we cannot apply it retroactively.[2] *See Arrow Air, Inc. v. Walsh*, 645 So. 2d 422, 425 (Fla. 1994) ("The presumption against retroactive application of a law that affects substantive rights, liabilities, or duties is a well-established rule of statutory construction.").

For these reasons, we conclude that M.K. cannot be considered a party to the dependency proceeding in this case.

## Intervention

M.K. also sought to intervene in the adoption proceedings, pursuant to Florida Family Law Rule of Procedure 12.230. That rule permits intervention in family law proceedings. The family procedural rules apply "to all actions concerning family matters, including injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking, except as otherwise provided by the Florida Rules of Juvenile Procedure or the Florida Probate Rules." Fla. Fam. L. R. P. 12.010(a)(1). A "family law matter" includes adoptions. *Id.* But "[t]he form, content, procedure, and time for pleading in all proceedings shall be as prescribed by the statutes governing the proceeding unless these rules or the Florida Rules of General Practice and Judicial Administration, where applicable, specifically provide to the contrary." Fla. Fam. L. R. P. 12.010(2).

The 2022 version of section 63.082, Florida Statutes, in effect for this proceeding provides the procedure for obtaining the consent of a parent

---

[2] M.K. also advises that the best interest hearing, which concluded prior to July 1, 2023, was reopened and evidence taken after the effective date of the statute. The question of whether the amendments to the statute would apply to the reopened case is not before us.

for adoption where the child is subject to the jurisdiction of the dependency court:

>(6)(a) If a parent executes a consent for adoption of a minor with an adoption entity or qualified prospective adoptive parents and the minor child is under the supervision of the department, or otherwise subject to the jurisdiction of the dependency court as a result of the entry of a shelter order, a dependency petition, or a petition for termination of parental rights pursuant to chapter 39, but parental rights have not yet been terminated, the adoption consent is valid, binding, and enforceable by the court.

>(b) Upon execution of the consent of the parent, **the adoption entity shall be permitted *to intervene in the dependency case* as a party in interest** and must provide the court that acquired jurisdiction over the minor, pursuant to the shelter order or dependency petition filed by the department, a copy of the preliminary home study of the prospective adoptive parents and any other evidence of the suitability of the placement.

>(c) If an adoption entity files a **motion to intervene *in the dependency case* in accordance with this chapter**, *the dependency court* **shall promptly grant a hearing** to determine whether the adoption entity has filed the required documents to be permitted to intervene and whether a change of placement of the child is in the best interests of the child. Absent good cause or mutual agreement of the parties, the final hearing on the motion to intervene and the change of placement of the child must be held within 30 days after the filing of the motion, and a written final order shall be filed within 15 days after the hearing.

>(d) If after consideration of all relevant factors, including those set forth in paragraph (e), the court determines that the prospective adoptive parents are properly qualified to adopt the minor child and that the adoption is in the best interests of the minor child, the court shall promptly order the transfer of custody of the minor child to the prospective adoptive parents, under the supervision of the adoption entity. . . .

>....

(f) **The adoption entity *shall be responsible for keeping the dependency court informed of the status of the adoption proceedings*** at least every 90 days from the date of the order changing placement of the child until the date of finalization of the adoption.

§ 63.082(6), Fla. Stat. (2022) (emphasis added).  The statute clearly contemplates that the hearings to determine whether to permit the adoption entity to intervene and whether a change of the child's placement is in the best interests of the child are to be held in the dependency action, separate for the adoption proceeding.  The juvenile rules apply in dependency court, not the family law rules.  The family law rules apply "except as otherwise provided in the Florida Juvenile Rules of Procedure," *see* Fla. Fam. L. R. P. 12.010(a)(1), and the family law rules state the procedure shall be "as prescribed by the statutes governing the proceeding[.]"  *See* Fla. Fam. L. R. P. 12.010(a)(2).  Thus, because section 63.082 requires the Adoption Entity to *intervene in the dependency court*, the juvenile rules apply.

We recently held in *K.N.* that the juvenile rules do not permit the trial court to grant intervention to foster parents in dependency proceedings. 359 So. 3d at 745.  Therefore, consistent with *K.N.*, we find no authority pursuant to the juvenile rules to allow intervention by M.K. in the dependency proceedings pursuant to section 63.082.

## Certification of Conflict

On rehearing in *K.N.*, we certified conflict with *T.R.-B. v. Department of Children & Families*, 335 So. 3d 729 (Fla. 3d DCA 2022).  *K.N.*, 359 So. 3d at 794.  The supreme court has granted review and the matter is presently pending a decision.  We certify the same conflict with *T.R.-B.* in this case.

## Conclusion

We hold that the filing of a petition for termination of parental rights does not provide the filer with party status in dependency proceedings involving the child.  We also conclude that the 2022 version of section 63.082, in effect at the time of M.K.'s petition, did not authorize party status for a foster parent.  Neither the rules nor the 2022 version of section 63.082 permitted intervention in the dependency court proceedings. Therefore, we affirm the trial court's rulings denying party status and intervention to M.K.

*Affirmed.*

CIKLIN and KUNTZ, JJ., concur.

*       *       *

*Not final until disposition of timely filed motion for rehearing.*